FLORIDA MOSS PRODUCTS COMPANY, *Appellant,* v. CITY OF LEESBURG *et al., Appellees.*

En Banc.

Opinion Filed March 29, 1927.

1.  The general rule is that parol evidence is not admissible to vary, contradict or defeat the terms of a complete and unambiguous written instrument.

2.  Where a written instrument does not purport to contain the entire agreement between the parties thereto, nor to have been intended as a complete statement of the whole contract, and when such instrument was executed pursuant to a parol agreement and in part performance thereof, parol evidence of the verbal agreement is admissible when consistent with, and not contrary to, such written instrument.

3.  Where a deed of conveyance recites a consideration of a sum of money "and other valuable considerations," the state-

ment of the deed, as to the consideration thereof, is not complete and the true character of the consideration may be shown by parol.

4. The rule that parol evidence is admissible to show the true consideration for a deed does not authorize the admission of such evidence for the purpose of adding to the terms of an unambiguous deed an additional contractual obligation which is inconsistent with and repugnant to the terms of the grant and which would impair the operative effect of the deed, even though such additional obligation forms a part of the consideration for the deed.

5. The consideration clause in a deed of conveyance is conclusive for the purpose of giving effect to the operative words of the deed creating a right or extinguishing a title, but for every other purpose it is open to explanation by parol proof, and is *prima facie* evidence only of the amount, kind, and receipt of the consideration.

6. When a deed of conveyance neither contains nor refers to any limitation upon the right of the grantee to use the land conveyed in any manner consistent with the ownership of the fee simple title absolute granted by the deed, parol evidence is not admissible as a basis for the enforcement of an additional contractual obligation which rests wholly in parol, and which, contrary to the terms of the deed, undertakes to impair the rights of user that are incident to the estate granted, even though such additional obligation forms a part of the consideration for the deed.

An Appeal from the Circuit Court of Lake County; Hon. J. C. B. Koonce, Judge.

Affirmed.

*George M. Powell,* of Jacksonville, for Appellant;

*Gaines & Futch,* of Leesburg, for Appellees.

STRUM, J.—By a bill in equity in which the appellant, Florida Moss Products Company, is complainant, and the appellee, City of Leesburg, and others, are defendants, it is alleged in substance that appellant, by a deed of conveyance, a copy of which was attached to and made a part of the bill of complaint, sold and conveyed to the City of Leesburg a certain parcel of land lying within said city, of which land appellant was theretofore the owner in fee simple. The deed of conveyance referred to discloses that said lands were "granted, bargained, sold, aliened, remised, released, conveyed and confirmed unto the said grantee, and its assigns forever, * * * together with all the tenements, hereditaments and appurtenances, with every privilege, right, title interest and estate, reversion, remainder and easement thereunto belonging or in any wise appertaining; to have and to hold the same in fee simple forever." The deed contained a covenant of seisin; a covenant against encumbrances (with an exception); a covenant of right and lawful authority to sell; and a full covenant of warranty. The consideration expressed in the deed is "the sum of Ten Dollars and other good and valuable considerations." There is in the face of the deed no covenant restricting or limiting the future use of the property conveyed, nor any reservation of any interest, right or estate therein.

The bill of complaint further alleges that the true consideration of said conveyance was "the price of $15,000.00 and the agreement and representation on the part of said City of Leesburg that it was purchasing said lands for park purposes, and that the same was intended for and would continuously be used for park purposes," which said representation and agreement, it is further alleged, "was an integral and material part of the consideration of said deed * * * without which this complainant would

not have sold said property to said City of Leesburg for said sum or price, and that said complainant in making the said sale relied upon said agreement and representation, and was thereby induced to make the sale.'' It is not alleged that said ''agreement and representation'' was in writing, nor do we find any such agreement or representation in the deed. The bill of complaint further alleges a threatened conveyance of the lands by the municipality to private owners for residential purposes, which action, it is alleged, will result in irreparable injury to the complainant in its ownership of other lands which lie near and abut upon a street leading to said ''public park,'' in that complainant's use and enjoyment of its other lands ''will be greatly, wrongfully and unjustly restricted and interfered with'' in respect to view and rights of ingress and egress which are now enjoyed, and the vale and use of such other lands will be greatly lessened and diminished if the appellees should carry out the proposed conveyance of the first named land to private owners, all of which appellant alleges will be in violation of the rights of said appellant, both as grantor in said deed on the one hand, and as owner of said first mentioned parcel of land upon the other. ·

The prayer is for an injunction restraining appellees from abandoning or vacating the first mentioned property, or any part thereof, as a public park, and from converting, altering or changing the said property from its character as a public park and from selling or disposing of said property.

No fraud is charged against the appellees. The bill of complaint does not seek a rescission of the conveyance and a restoration of the parties to their former status. There is nowhere in the bill a positive or direct allegation that the land in question is or has been actually or potentially devoted to use for park purposes. Although there is a refer-

ence in the bill to threatened damage to appellant as the owner of adjoining property, and although the prayer of the bill seeks to restrain appellees ''from abandoning or vacating said property or any part thereof as a public park and from in any manner converting, altering or changing the said property from its character as a public park,'' the structure of the bill and the argument of appellant in its brief indicate that appellant relies for relief upon its contractual rights arising under the deed of conveyance, and not upon its right as a citizen and taxpayer, if any, to prevent the unauthorized sale or disposition by the municipality of property purchased for and actually devoted to a public use.

A demurrer to the bill of complaint was interposed by the defendants below, which demurrer was sustained and the bill dismissed, whereupon complainant appealed.

The general rule is that parol evidence is not admissible to vary, contradict or defeat the terms of a complete and unambiguous written instrument.

To the general rule there are at least two recognized exceptions. They are: First, that where a written instrument does not purport to contain the entire agreement between the parties thereto, nor to have been intended as a complete statement of the whole contract, and when such instrument was executed pursuant to a parol agreement and in part performance thereof, parol evidence of the verbal agreement is admissible when consistent with, and not contrary to, such written instrument. See Chamberlain v. Lesley, 39 Fla. 452, 22 South. Rep. 736. Second, that where a deed of conveyance recites a consideration of a sum of money ''and other valuable considerations,'' the statement of the deed, as to the consideration thereof, is not complete and the true character of the consideration may be shown by parol. Herrin v. Abbe, 55 Fla. 769, 46 South. Rep. 183.

See also: Sullivan v. Lear, 23 Fla. 463, 2 South. Rep. 846; 11 Am. St. Rep. 388.

The exception just stated, however, does not permit proof of an oral agreement for the purpose of imposing a further contractual obligation on one of the parties, of which there is no indication or suggestion in the written contract, when such obligation is not only inconsistent with but repugnant to other plain terms of the instrument. It is not permissible, under the guise of proving by parol the consideration of a written contract, to add to or take from the other provisions of the written instrument, nor to modify, impair or destroy the operative effect thereof. If the rule were otherwise the obvious result would be to abrogate the long-settled rule respecting the finality of written contracts. The exception last above mentioned should not be extended to include every motive that prompts the making of a contract, even though that motive be related to or forms a part of the consideration. Where the consideration sought to be shown by parol is purely contractual in its character and imposes upon one of the parties an additional contractual obligation repugnant to the plain terms of the written contract, parol proof· may not be resorted to for the purpose of enforcing such additional obligation, since parol evidence is no more admissible to vary or add to the written instrument in that respect than it is in any other. See 22 C. J. 1171, and cases cited.

In the early case of Gully v. Grubbs, 1 J. J. Marsh (Ky.) 387, it was held that wherever, in a deed, the consideration or an admission of its receipt, is stated merely as a fact, that part of the deed is viewed as a receipt would be, and the statement is subject to be varied, modified and explained; but if the stated consideration is in the nature of a contract,—that is, if by it a right is vested, created or extinguished,—the terms of the contract thereby evidenced

may not be varied by parol proof, but the writing is its own sole exponent. See also 2 Devlin, Deeds, Sec. 830.

It is held with striking unanimity, in the United States, that the consideration clause in a deed of conveyance is conclusive for the purpose of giving effect to the operative words of the deed creating a right or extinguishing a title, but that for every other purpose it is open to explanation by parol proof, and is *prima facie* evidence only of the amount, kind, and receipt of the consideration.

When the purpose and effect of parol evidence is to alter, impair, or defeat the operation and effect of the deed, such evidence is not embraced within the exception heretofore stated admitting parol evidence for the purpose of showing the true consideration for a deed. Baum v. Lynn (Miss.), 18 South. Rep. 428; Howe v. Walker, 4 Gray (Mass.) 318; Watkins Salt Co. v. Mulkey (C. C. A.), 225 Fed. 739; Leftkovitz v. Gadsden First Nat'l Bank (Ala.), 44 South. Rep. 613; Sheby v. Cunningham, 90 N. E. Rep. 805; 25 L. R. A. (N. S.) 1194; English v. New Orlenas & N. E. R. Co. (Miss.), 56 South. Rep. 665; Dodge v. Cutrer (Miss.), 58 South. Rep. 208; Thompson v. Bryant (Miss.), 21 South. Rep. 655; Castleman, etc., Co. v. Pickrell, etc., Co., 174 S. W. Rep. 749; Louisville, etc., R. R. Co. v. Willbanks, 65 S. E. Rep. 86; 24 L. R. A. (N. S.) 374; 17 Ann. Cas. 860; Kammrath v. Kidd, 95 N. W. Rep. 213; Rooney v. Koenig, 83 N. W. Rep. 399; O'Connor v. Enos, 105 Pac. Rep. 1039; Dodder v. Snyder, 67 N. W. Rep. 1101; 22 C. J. 1119, 1172; 27 C. J. 209; 1123 *et seq.* 1155; 18 C. J. 345, *et seq.*

It appears from the allegations of the bill of complaint that the object of the suit is not only to establish a consideration for the deed which is alleged to consist in part of a parol agreement limiting and restricting the use of the lands conveyed to a use for park purposes only, but the

relief sought by the bill is the enforcement of such parol agreement even though the same is inconsistent with and repugnant to the terms of the grant.

Since the deed in question neither contains nor refers to any limitation upon the right of the grantee municipality to use the land in any manner consistent with the ownership of a fee simple title absolute, parol evidence is not admissible as a basis for the enforcement of an additional contractual obligation which rests wholly in parol, and which, contrary to the terms of the deed, undertakes to impair the rights of user that are incident to the absolute fee simple title granted by the deed by limiting and restraining the use of the property to a use for park purposes only, even though such additional obligation forms a part of the consideration for the deed.

Nothing herein said is inconsistent with the opinion of this Court in Herrin v. Abbe, *supra*. In that case the obligation, parol evidence of which was admitted, was consistent with the terms of the deed there involved, and neither impaired nor destroyed the effect of the operative words of the deed.

What was said by this Court in Chamberlain v. Lesley, *supra*, is expressly postulated upon the proposition that "this (the parol) evidence did not in any respect tend to change, alter or add to the deeds, mortgages and notes offered in evidence. The legal effect of each of these papers was the same, with or without the oral testimony. It neither took from, nor added to, these papers in the slightest degree, but was entirely consistent therewith." Such is not the case with the parol agreement here relied upon.

The principles under consideration in F. E. C. Ry. Co. v. City of Miami, 76 Fla. 277, 79 South. Rep. 682, were dissimilar to those here involved, and the conclusions reached

in that case are entirely harmonious with what is said herein.

Affirmed.

ELLIS, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion.