CARROLL, DONALD K., Chief Judge.
The defendants in two companion cases have appealed from final summary judgments entered by the Circuit Court for Duval County.
In these appeals the principal question before us is whether certain evidence concerning the terms of a written agreement *313 are inadmissible on account of the parol evidence rule.
The facts in these two cases are substantially the same except for the amounts claimed by the plaintiff to be owed by the defendants. For convenience, therefore, the facts are set forth below as if only one of these cases were before us for determination.
The record on appeal discloses that on June 2, 1960, the plaintiff filed a complaint alleging that the defendants had executed ■and delivered to the plaintiff a written agreement dated May 30, 1959, under which •the defendants agreed that all checks of Payrolls, Inc., for the plaintiff’s payrolls would “be paid by Payrolls, Inc. or its bank, ■or if not, by us immediately on demand,” and that all money paid by the plaintiff “in •connection with withholding tax, social ■security and unemployment compensation will be turned over to you or paid to the Federal Govt, and State of Fla., whichever you direct” by June 11, 1959. The agreement further provides that the proceeds of two separate contracts held by the defendants are to be applied to these obligations, and the rights to one of the contracts (with Inland Central Corporation, subject to a prior pledge of $9,300 to a Tampa bank) are assigned to the plaintiff; that in the ■event of default the defendants would pay all costs, including a reasonable attorneys’ fee. This agreement, a copy of which is attached to and made a part of the complaint, was written in pencil on two sheets ■of yellow legal-size lined paper, and signed by the defendant E. A. Turner, individually and as president of the defendant corporation, and also was signed by the president of Payrolls, Inc. The complaint further alleges that Payrolls, Inc. and its banks had failed to pay $993.61 of its payrolls and $6,036.72 in amounts due to various agencies of Florida and the Federal Government; that of this total of $7,030.63, the defendants had paid $2,603.81, leaving a balance owing of $4,426.82, judgment for which is ■demanded by the plaintiff, plus interest and •costs, including a reasonable attorneys’ fee.
To the above complaint the defendants filed an answer alleging various defenses and a. counterclaim. In the answer the defendants plead general denial; allege that the defendants are obligated only to the extent of $3,627.75 under the agreement, the amount which the defendants allegedly owed Payrolls, Inc.; and alleged that there had been effected an accord and satisfaction or an estoppel against the plaintiff from seeking further payment when the plaintiff accepted the proceeds of the Inland Central contract.
In their counterclaim the defendants allege that the defendants are indebted to Payrolls, Inc., in the amount of $3,627.75, that in order to discharge this obligation the defendants entered into an agreement guaranteeing that amount to the plaintiff, that in order to secure the guarantee the defendants assigned the Inland Central contract, which was valued at $34,841.34, and that the plaintiff had compromised the said contract for $8,558.44, leaving a balance owing to the defendants of $4,930.69, which sum the plaintiff had refused to pay on demand. On the plaintiff’s motion the Circuit Court struck the last two defenses and the counterclaim on the stated ground that they sought to vary by parol evidence the terms of a clear and unambiguous written agreement.
The plaintiff filed a motion for a summary judgment, attaching thereto affidavits which substantially supported the allegations of the complaint. At the hearing on this motion the court had before it these affidavits, answers to interrogatories, and affidavits submitted by the defendants.
On May 16, 1961, the court, after finding that there was no genuine issue as to any material fact except as to the amount of attorneys’ fee, entered a summary judgment in favor of the plaintiff for the principal amount claimed in its complaint, together with interest and costs, including an attorneys’ fee, the amount of which fee was to be submitted to a jury. The plaintiff then moved for the entry of a final judgment, *314 waiving its right to an attorneys’ fee, and the court entered a final judgment on June 28, 1961.
In many cases the appellate courts of Florida have recognized and applied the parol evidence rule. Simply stated, the parol evidence rule is a rule declaring that parol evidence is inadmissible to vary the terms of a valid written instrument. J. M. Montgomery Roofing Co. v. Fred Howland, Inc., 98 So.2d 484 (Fla., 1957). It is not a rule of evidence but a rule of substantive law. Knabb v. Reconstruction Finance Corp., 144 Fla. 110, 197 So. 707 (1940). The rule rests upon a rational foundation of experience and policy and is essential to the certainty and stability of written obligations. Schwartz v. Zaconick, 68 So.2d 173 (Fla., 1953).
The appellants contend, however, that the parol evidence rule does not bar their evidence in support of their two stricken defenses and their stricken counterclaim for the reason that that rule is not applicable when the written agreement does not express the entire understanding between the parties.
The rule has been recognized in this state that, where a written agreement does not purport to contain the entire agreement between the parties thereto, nor to have been intended as a complete statement of the whole contract, and when such instrument was executed pursuant to a parol agreement and in part performance thereof, parol evidence of the verbal agreement is admissible when consistent with, and not contrary to, such written instrument. See Florida Moss Products Co. v. City of Leesburg, 93 Fla. 656, 112 So. 572 (1927), and Chamberlain v. Lesley, 39 Fla. 452, 22 So. 736 (1897).
It is our view that the written agreement before us on this appeal and the matters involved in the parol evidence sought to be admitted in evidence are such that the rule stated in the preceding paragraph is not applicable. We think that the written agreement, properly considered, does purport to contain the entire agreement and that the agreement was intended as a complete statement of the whole contract. This being so, the defendants’ said defenses and counterclaim, which attempt to lay the foundation for the introduction of inadmissible parol evidence to vary or contradict the written agreement, were properly stricken by the Circuit Court. See Bryan v. St. Andrews Bay Community Hotel Corp., 99 Fla. 132, 126 So. 142 (1930), E. J. Sparks Enterprises, Inc. v. Christmen, 95 Fla. 928, 117 So. 388 (1928), and Forbes v. Ft. Lauderdale Mercantile Co., 83 Fla. 66, 90 So. 821 (1922).
Applying the parol evidence rule to the factual situation before us on this appeal, we think that in the two defenses and the counterclaim stricken by the court the defendants are indeed endeavoring to vary by parol evidence the terms of the written instrument upon which the plaintiff is suing. Such evidence is inadmissible under the parol evidence rule, as we interpret it, and the Circuit Court correctly struck those defenses and the counterclaim because they could not be proved without violating the parol evidence rule. The written agreement sued upon is an unqualified guarantee by tlie defendants to the plaintiff, and, if there were limitations to the obligation of the agreement, they should have been included in the written instrument.
Disregarding, then, the inadmissible parol evidence, the evidence before the court at the hearing on the plaintiff’s motion for a. summary judgment was such that no reasonable inference could be drawn- therefrom other than that the plaintiff, as a matter of law, was entitled to the summary judgment. This conclusion applies to both, of the cases before us on this appeal.
The final summary judgments appealed: from are affirmed.
Affirmed.
STURGIS and RAWLS, JJ., concur.