WHITE, JOS. S., Associate Judge.
This appeal brings for review a final decree dismissing plaintiffs’ bill of complaint after trial upon the issues made by the pleadings.
The bill of complaint sought reformation of a deed of conveyance of real property, alleging a mutual mistake of the parties, uncle and nephew, which resulted in omission of a portion of the property intended to be conveyed. The lands consisted of three contiguous lots upon which was located a roadside fruitstand. The deed described only one of the lots.
In his written opinion filed in the lower court the trial judge said this regarding the mistake:
“The Court finds as a fact that there was a mutuality of mistake by the *9 uncle and the Plaintiffs. It is clear that all parties to the deed intended that all three parcels be conveyed. Further, the Court finds that the Plaintiffs are not prevented by the doctrine of laches from maintaining this suit. The error was not discovered until approximately May of 19SS, at which time negotiations and communications were attempted with the Defendants before the suit was filed in November of 1957. In the Court’s opinion the Plaintiffs did not delay too long in bringing their action.
«* * *
"It is with a certain amount of regret that the Court reaches the decision it believes it must in this case. As stated above, it is clear to the Court that the uncle intended that the Plaintiffs have all three parcels of property.”
One has no difficulty in finding in the record full support for that conclusion.
The lower court denied relief, nevertheless, upon the further finding that “the transaction was a gift by the uncle not supported by consideration” and, therefore, not subject to reformation. Such a principle was applied in Harrod v. Simmons, Fla.App.1962, 143 So.2d 717, with the result that reformation was denied in the case of a mistake in a deed given upon the sole consideration of “love and affection.”
The sufficiency of the consideration for a transfer to support an action for reformation is the subject of annotations at 69 A.L.R. 435, and 128 A.L.R. 1303. The statement will be found there, with citations, that any valuable consideration, no matter how small, supplemented by love and affection, is sufficient. At page 437 of the annotation first mentioned it is stated, with citations, that services rendered by the grantee to the grantor, likewise, is a sufficient consideration to support an action to reform. See also Tampa Northern R. Co. v. City of Tampa, 1932, 104 Fla. 481, 140 So. 311, 141 So. 298, wherein it was held that a grantee, who had entered into possession and improved the property, might maintain an action to reform a voluntary conveyance.
The record now before the court shows that plaintiffs offered proof that a valuable consideration, in fact, was given for the conveyance. In rejecting the proof as insufficient, the lower court ruled that the evidence on the question was not “beyond reasonable controversy, more than a preponderance of evidence, full and satisfactory, or clear or convincing.”
Thus, it is evident that the trial judge, in dealing with the issue of “consideration”, placed the burden of proof on the plaintiffs and required them to prove by more than a preponderance of the evidence that a valuable consideration was given for the deed. In so ruling he was applying to the issue on consideration the rule applicable to the issue on mistake in such actions. The latter rule was stated by the Supreme Court of Florida, in Horne v. J. C. Turner Cypress Lumber Co., 55 Fla. 690, 698, 45 So. 1016, 1018, thus:
“It has been uniformly held by this court that, ‘while equity will reform a written instrument when by a mistake it does not contain the true .agreement of the parties, yet it will only do so when the mistake is plain and the proof full and satisfactory. The writing should be deemed to be the sole expositor of the intent of the parties until the contrary is established beyond a reasonable doubt.’ ” (Emphasis added).
More recently, the rule was repeated in Old Colony Insurance Co. v. Trapani, Fla.App.1960, 118 So.2d 850, 853, in this language :
“ ‘ * * * this fact [mistake] must be proved by clear, convincing, and satisfactory evidence, not alone by a preponderance of the evidence, but he must establish the fact by such evidence as to show conclusively that a mistake had been made and to satisfy the court of *10 such mistake beyond a reasonable doubt. * * * (Emphasis added).
Unquestionably, one who brings suit to reform a written instrument on the ground of mutual mistake must prove the fact of mistake by proof much stronger than a mere preponderance of the evidence. However, it does not follow necessarily that other collateral issues which may be presented by the pleadings fall under the .•same rule.
. In this case the question of consideration was raised, as it should have been, by defendants as an affirmative defense. See Fla.R.C.P. 1.8(d), 30 F.S.A.; 23 Am.Jur.2d, Deeds, Secs. 69 & 70.
The deed in question recited a consideration of $10.00 and other valuable considerations. In addition, there were revenue stamps affixed indicating a consideration of $2,000. These factors were prima facie evidence of a valuable consideration. Florida Moss Products Co. v. City of Leesburg, 1927, 93 Fla. 656, 112 So. 572; 23 Am.Jur.2d, Deeds, Sec. 70; Anno. 51 A.L.R.2d 1004. The burden of proving otherwise was upon the defendants. To prevail upon their affirmative defense they had to prove by a preponderance of the ' evidence that the consideration recited in the deed and as indicated by the revenue stamps was not, in fact, the actual consideration, but that instead mere love and affection was the sole consideration involved.
Defendants called no witnesses upon that subject. The nephew was the only witness to the transaction. He explained that at the request of his uncle, a resident of California, he left his home and a good position in the North to come to Florida during the year 1925 to supervise operation of his uncle’s citrus groves, for which he was to receive less compensation than he had been accustomed to earn in the North. In 1941 he urged his uncle to purchase the property in question so that a fruitstand could be put into operation as a retail outlet for their citrus fruits. This was done and the nephew continued in his uncle’s employ until the latter’s death in 1949. The fruitstand property was deeded to the nephew in 1948, with the resulting mistake in description.
The nephew went into possession of the entire premises, changed the name of the business to “Kelly’s”, and rented the premises and collected the rents and revenues therefrom during the several remaining years that the property was used as a fruit-stand. During the year 1950 he enlarged the building and purchased and installed fruit grading machinery.
The nephew testified that he actually gave his uncle $10.00 at the time of delivery of the deed and, in addition, agreed to forego an annual bonus, which he had been receiving from his uncle, estimated to amount to the sum of $2,000. It was upon this understanding with his uncle that the revenue stamps were affixed to the deed. No further bonuses were paid by the uncle.
The circumstances shown by the record lead to the conclusion that the nephew’s faithful and loyal service to his uncle throughout the years was a strong influence in the transaction. This, supplemented by the actual payment of $10.00 and the withholding of the customary bonus, the taking of possession and the laying out of money by the nephew to enlarge the building and install fruit grading machinery, should be accepted as sufficient consideration to allow the bringing of the action to reform. See Tampa Northern R. Co. v. City of Tampa, supra; Anno. 69 A.L.R. 435; 128 A.L.R. 1303.
 There was no contradiction of the nephew’s testimony by any other witness. There was no inherent improbability in his statements. Under the rule applicable to un-contradicted testimony, it should not have been disregarded. See Kinney v. Mosher, Fla.App.1958, 100 So.2d 644; Florida East Coast Railway v. Michini, Fla.App.1962, 139 So.2d 452.
*11 The deed, itself, creates a presumption of the consideration indicated by the recital and the revenue stamps. See Florida Moss Products Co. v. City of Leesburg, supra; 23 Am.Jur.2d, Deeds, Sec. 69; Anno. 51 A.L.R. 2d 1004. The burden of overcoming the presumption rested upon defendants. The burden was not met and the affirmative defense should have been overruled. In ruling otherwise the lower court misconstrued the legal effect of the evidence.
The final decree is reversed with directions to grant the prayer of the bill of complaint. Under the circumstances shown by the record it seems fair and equitable to assess court costs incurred in the lower court against the plaintiffs.
WALDEN, Acting C. J., and PIERCE, WILLIAM C., Associate Judge, concur.