JOHNSON, Chief Judge.
This is an appeal from a final judgment of foreclosure, entered in the Fourth Judicial Circuit of Florida, after final hearing and after several post-hearing motions were disposed of.
The plaintiff below, appellee herein, instituted action to foreclose a third mortgage on a parcel of land which had become vested in the defendant, appellant herein, via two separate deeds, one for 35 feet and one for 65 feet. The grantors were different in that the 35 foot parcel was conveyed to appellant by Mrs. John Blow, who owned fifty per cent of the stock of appellee herein, and the 65 foot parcel was conveyed by the appellee Corporation herein. The appellant, in purchasing the two parcels, so the evidence shows, intended to construct a building and to procure construction financing from an insurance company. The evidence also showed that the appellee, acting individually or corporately, agreed to hold off taking a purchase money mortgage from appellant so that the construction loan could be obtained. To support this contention, it was shown that the deeds to appellant and the mortgage to the insurance company were all filed for record at the same hour of the same day. A few days thereafter elapsed before the appellee’s mortgage was obtained and recorded.
The appellant denied under oath that there was any consideration for the note and mortgage being foreclosed. The appellee attempted to show the conveyances mentioned supra, constituted the consideration. The appellant objected to any evi *134 dence of this nature as being in violation of the Statute of Frauds and in violation of the parol evidence rule. The trial court overruled these obj ections and admitted the evidence. We agree with the trial court’s holding that the considerations stated in the deeds was sufficient and that the evidence of the actual amount of the consideration (the conveyances) could be shown by parol evidence.[1] The court also found that the conveyances and the mortgage was in fact a package deal.
The appellant next filed an amendment to its answer to include a counterclaim for reformation of the mortgage. The claim here was that since the only parcel appellee conveyed to appellant was the 65 foot parcel, then appellant should not have given a purchase money mortgage on both the 65 foot parcel and the 35 foot parcel, and therefore prayed that the reformation be made so that the foreclosure would only apply to the 65 foot parcel. The trial .court, upon motion of the defendant-appellant, deferred its final judgment until the transcript of testimony was prepared and reviewed by the court. The court treated the defendant’s amendment or counterclaim as an amendment to conform to the evidence adduced at the trial. Then, the trial court entered an order on the defendant’s amendment to the counterclaim, wherein it pointed out that reformation will not be granted (in the absence of fraud) unless both parties can be restored to substantially the same position as they were before.[2]
In the case sub judice, the court found that because the defendant had given a large mortgage encumbering both parcels, to reform would not be proper, and that since the transaction was a “package deal”, there was “no sufficient basis in the evidence to reform the instrument in question at the request of the defendant for any reason, including the specific matter set forth above.”
Reformation was denied, and we agree with the trial court.
The matters complained of were factual matters coming within the province of the trial court and we agree with his application of the law to the facts as found by the court.
No error having been shown which warrants a reversal, the judgment appealed from is affirmed.
RAWLS and SPECTOR, JJ., concur.

. Florida Moss Products Co. v. City of Leesburg, 93 Fla. 656, 112 So. 572, 573 (1927).

. Smith v. Pattishall, 129 Fla. 498, 176 So. 568, 576 (1937).