KEHOE, Judge.
The sole issue on this appeal by plaintiffs from a final summary judgment rendered for defendants is whether the language of a particular document granting an easement for a railway right of way was correctly interpreted by the trial court. We hold that it was and affirm the judgment below.
Plaintiffs’ property was burdened by an easement which their predecessor in title had granted to one of the defendants. Contending that the easement had expired, plaintiffs sought to enjoin defendants from using the property as a railway right of way. The trial court found, as a matter of law, that the easement had not expired and rendered summary judgment for defendants. This appeal ensued.
The document at issue recites:
“[T]he Grantor does hereby and by these presents give and grant unto the Grantee, its successors and assigns, an exclusive perpetual easement over the lands hereinafter described, for the sole use of the Grantee for the purposes herein set forth, to wit, to use said land for a railway right-of-way to serve Grantee’s property.
‡ * * * m $
It is expressly understood and agreed that this easement and rights and privileges hereby granted will expire and become null and void whenever the Grantee, its successors or assigns, fails to use the property for a railway right-of-way for any one hundred twenty (120) consecutive days.”
Plaintiff-appellant contends the document is ambiguous and material issues of fact remain unresolved, arguing that the intent of the grantor was to terminate the easement if the use of the tracks was abandoned for the stated period. The argument is without merit.
The controlling document is not ambiguous. It provides that the easement is to expire when the property ceases to be used as a railway right of way for the specified time period. Where the language of a deed is clear and the grantor’s intention is reflected by that language, judicial interpretation of the words employed is inappropriate. Saltzman v. Ahern, 306 So.2d 537 (Fla.1st DCA 1975). It is the property *61 itself which is the right of way, not the tracks laid thereupon. See Figg v. Louisville & N. R. Co., 116 Ky. 135, 75 S.W. 269, 270 (1903); Rio Grande Western Ry. Co. v. Salt Lake Inv. Co., 35 Utah 528, 101 P. 586, 589 (1909).
The record is devoid of any showing that the property was not used as a railroad right of way or that the right to so use it was abandoned merely because no trains passed over the tracks for one hundred twenty days. Therefore, the decision of the trial court must be upheld.
Affirmed.