MINER, Judge.
In this appeal, appellant challenges a final judgment voiding a deed to a certain parcel of real property, the effect of which judgment was to divest her of an interest in the property she acquired by virtue of the disputed deed. We find merit in her argument that the trial court erred in voiding the conveyance in issue and reverse.
John and Martina Reese, an elderly husband and wife, had owned the parcel of property involved here for many years as tenants by the entireties. Mrs. Reese suffered a stroke in 1976 which left her bedridden and impaired her ability to move and to speak. After 1981, she was no longer able to write her name.
Mr. Reese, an attorney, had a long standing friendship with appellant, Marion Campbell, who managed his business affairs and generally treated him like a member of her family. Mrs. Reese did not approve of the friendship between her husband and appellant and was resentful of Mrs. Campbell’s involvement in Mr. Reese’s financial affairs and the time he spent with Mrs. Campbell. Indeed, Mrs. Reese developed an intense dislike for appellant over the years.
In 1984, Mr. Reese decided to convey a one-third interest in the subject real estate parcel to his daughter, appellee, Martina Roser, and a one-third interest to appellant, Mrs. Campbell. He was to retain the remaining one-third interest. In conveying other real property owned by him and his wife during the period of time of her disability, it was his practice to take the deed to her in the presence of witnesses, explain the matter to her for the purpose of gaining her consent, take her hand in his and guide it in making her mark. He would then sign the deed himself. Apparently, this procedure was utilized in the execution of the deed in question.
When signed by Mr. and Mrs. Reese, the deed recited that it was given for “one dollar and other valuable considerations.” However, when Mr. Reese and appellant took the deed to the courthouse to be recorded and before recordation occurred, appellant scratched through “for one dollar and other valuable considerations” and inserted the words “for love and affection.” With this alteration, the deed was recorded.
At the time the subject deed was executed, neither Mr. Reese nor Mrs. Reese had been adjudicated incompetent. However, Mr. Reese’s failing health and Mrs. Reese’s continuing disability led to the appointment of appellee as guardian for both her parents. In the capacity of guardian for her father, Martina Roser, upon discovering the deed in question, filed suit to have it set aside on the sole ground that it was void for lack of consideration. She subsequently filed an amended complaint adding allegations of undue influence and a lack of capacity in Mrs. Reese to make an intelligent, voluntary disposition of her property. She also alleged that Mrs. Reese possessed no love and affection for appellant.
At trial, several witnesses, including ap-pellee, testified to Mrs. Reese’s strong dislike for appellant. At the conclusion of the trial and without finding Mrs. Reese incompetent at the time the deed in issue was signed, the trial court voided the conveyance on its finding that Mrs. Reese possessed no love or affection for appellant and did not intend to transfer her interest in the subject property to Mrs. Campbell or deliver the deed to her. This appeal followed.
We begin our analysis by first noting that the fact of alteration of the consideration portion of the recitations contained in the questioned deed was not an issue below nor is it raised on appeal. Neither party objected below to the alteration and, indeed, both parties relied on the altered language at trial. We also observe, that in setting the conveyance aside, the trial court *624 did not find a lack of capacity m Mrs. Reese to execute the challenged deed nor did it find fraud or undue influence on the part of appellant in the transaction. Moreover, the deed was voided despite the fact that the language contained therein evidenced an intent to transfer the property.
With respect to deeds of conveyance, the general rule is that if there is no ambiguity in the language employed then the intention of the grantor must be ascertained from that language. Saltzman v. Ahern, 306 So.2d 537, 539 (Fla. 1st DCA 1975); see also Cohen v. Pan American Aluminum Corp., 363 So.2d 59 (Fla. 3d DCA 1978). On occasion, however, parol evidence is admissible to resolve ambiguities with respect to the stated consideration for a conveyance. For example, “[a] deed which recites a consideration of a sum of money ‘and other valuable considerations’ is not complete as to the consideration, and the true character thereof may be shown by parol.” 19 Fla.Jur.2d Deeds, § 55 (citing Herrin v. Abbe, 55 Fla. 769, 46 So. 183 (1908), and Florida Moss Products Co. v. City of Leesburg, 93 Fla. 656, 112 So. 572 (1927)).
Applying the general rule as modified by the cited portion of the parol evidence rule to the facts at hand, we are presented with what might be termed the metaphysical question of whether the recital of “love and affection” constitutes an ambiguous or incomplete recitation of consideration thus allowing for the admission of parol evidence to test the character of such recited consideration as was done at trial below. However, resolution of this issue does not require us to delve into that realm because whether the recited consideration is or is not ambiguous enough to permit parol evidence to test its character, “[w]hen the purpose and effect of parol evidence is to alter, impair or defeat the operation and effect of the deed, such evidence is not embraced within the exception ... admitting parol evidence for the purpose of showing the true consideration for a deed.” Florida Moss Products Co. v. City of Leesburg, supra. Below, the testimony that Mrs. Reese did not possess love and affection for appellant was used to attack the recited consideration for the deed in question, thereby defeating its operation and legal effect. In admitting such testimony, we find that the trial court reversibly erred.
In view of our disposition of this matter, we do not find it necessary to reach appellant’s other points on appeal.
REVERSED and REMANDED with instructions to sustain the validity of the deed in question.
ERVIN and WIGGINTON, JJ., concur.