ERVIN, Judge,
dissenting.
I am unable to concur with the majority in affirming the trial court’s final judgment canceling the deed on the ground that it was given without consideration. In concluding that reversal is required, I am not unaware of the heavy burden placed upon an appellant seeking reversal of a judgment in a case containing only a partial record. As observed by the Florida Supreme Court in Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979): “Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court’s judgment is not supported by the evidence or by an alternative theory.” Nevertheless, Applegate acknowledges that a misconception by the trial judge of a controlling principle of law can constitute a basis for reversal even in the absence of a complete record. Id. In my judgment, the trial judge misconceived the controlling principles of law, because, given the manner in which the issues were framed by the pleadings and the findings of the trial court, I cannot envision that there is any reasonable theory in support of the ruling given the record before us — albeit incomplete.
In so saying, I concur with the majority in approving the trial court’s finding that the property was homestead. I recognize as well that all conveyances of homestead property may be subject to attack by homestead beneficiaries unless “free from fraud, deceit, undue influence or duress and for a valuable consideration.” Regero v. Daugherty, 69 So.2d 178, 181 (Fla.1953). As to the first four grounds authorizing cancellation — fraud, deceit, undue influence or duress — appellees’ complaint neither states nor did the court find that the deed is subject to any of those infirmities. The complaint alleges only that the deed was executed without any consideration whatsoever and at the request of defendant, John Crusaw, Jr., in order for him to obtain the benefits of certain agriculture programs which were available to him as a former member of the military service. Consequently, it was alleged that the deed was executed and delivered to him without any intent that it would be an absolute conveyance, but was merely executed to assist him in establishing a farming operation and qualifying for the benefits.
Any parol evidence which may have been presented by the grantors at the hearing regarding what perception they had in delivering the deed to the defendant, without any assertions by them of the defendant’s fraudulent conduct, could not serve to defeat the validity of a deed which, on its face, was complete and unambiguous. The rule is clear that if the effect of parol evidence is to alter, impair or defeat the operation and effect of a deed, such evidence is not embraced within the exception admitting parol evidence for the intent of showing the true consideration for the deed. Florida Moss Prods. Co. v. Leesburg, 93 Fla. 656, 112 So. 572 (1927).
The facts and decision in Florida Moss Products are highly instructive. There, Florida Moss Products, the grantor of a deed which was complete and unambiguous, following its delivery of the deed to the City of *951 Leesburg, sought an injunction restraining the City from selling the property to third persons for residential purposes, on the ground that, pursuant to an oral agreement between the City and Florida Moss Products, the City had agreed that the property would be used exclusively as a park and that such agreement was an integral and material part of the consideration for the deed. In affirming the dismissal of the complaint, the court observed that parol evidence could not, under the circumstances, vary, contradict or defeat the deed’s terms, as the deed did not contain any limitation upon the right of the City to use the property in any manner consistent with ownership of fee-simple title absolute. Id. 93 Fla. at 663, 112 So. at 574. Applying the above rule to the case at bar, regardless of whether the grantors may have believed that the deed did not have the effect of conveying the property in fee simple to their son, any parol evidence of the parties’ intent could not invalidate the deed which was complete and unambiguous on its face.
The only remaining legal ground for setting aside the deed is that which the court below explicitly found: that it was given without consideration. Again, this finding, in my judgment, is unsupported by any reasonable theory. At the time of the conveyance of the property to John Crusaw, Jr., on November 10, 1953, the law required that a deed conveying homestead property recite that it was made for “valuable” consideration, and, if no such consideration was given, the conveyance of a homestead was deemed void.[1] Reed v. Fain, 145 So.2d 858 (Fla.1962) (on rehearing); Bigelow v. Dunphe, 143 Fla. 603, 197 So. 328 (1940); Jackson v. Jackson, 90 Fla. 563, 107 So. 255 (1925). The deed before us, however, not only recited consideration, but also facially complied with all requisites of the law.
A duly executed deed, setting forth a grantor, a grantee, a thing granted, and otherwise in conformity with the statutory requirements, including the recitation of consideration, creates a presumption in favor of the validity of the deed. See Hassey v. Williams, 127 Fla. 734, 174 So. 9 (1937). This presumption prevails unless the party contending the contrary overcomes it by submitting clear and convincing evidence. Howell v. Fiore, 210 So.2d 253 (Fla. 2d DCA 1968).
In my judgment, the presumption favoring the validity of the deed remained unrebutted, because the deed not only recited valuable consideration in the amount of $800, but also had documentary stamps in the same amount attached to it. Evidence of documentary stamps on a deed is certainly strong evidence that consideration was paid. See Gregory v. Lloyd, 284 F.Supp. 264 (N.D.Fla.1968) (recital of consideration in the amount of $700 and stamps placed on the deed support a finding that such consideration was paid).
Under the circumstances, there are, in my judgment, only two conceivable bases on which the trial court could conclude that the deed was executed without consideration: (1) that the consideration stated and the documentary stamps on the deed were fraudulent, or (2) that the consideration given was inadequate. As to the former ground, as previously stated, no pleading or finding was made regarding the existence of fraud, and, as to the latter, the rule is clear that so long as there is legally sufficient consideration to support a deed, mere inadequacy of consideration is not a sufficient ground for rescinding a deed. Harkness v. Fraser, 12 Fla. 336 (1868); Venice E., Inc. v. Manno, 186 So.2d 71 (Fla. 2d DCA), cert. denied, 192 So.2d 490 (Fla.1966). In fact, established case law regards any valuable consideration, even a nominal sum of money, as sufficient between the parties to make a deed operative to pass title to such property. See Kelly v. Threlkeld, 193 So.2d 7 (Fla. 4th DCA 1966), cert, denied, 201 So.2d 553 (Fla.1967). Moreover, as between relatives, a deed reciting “love and affection” may be deemed valuable consideration. Wise v. Wise, 134 Fla. 553, 184 So. 91 (1938); Waterman v. Higgins, 28 Fla. *952 660,10 So. 97 (1891); Harkness v. Fraser, 12 Fla. 336 (1868).
Because I am of the view that the court’s finding that the deed in question was delivered without any consideration is not supported by any legal theory, and, as such, could only have been based upon a misconception of a controlling principle of law, I would reverse the judgment canceling the deed.

. The above rule was applicable pursuant to Article X, section 4 of the Florida Constitution of 1885; however, upon the adoption of the revised Constitution in 1968, permitting the owner of homestead real estate to alienate the homestead property by, inter alia, gift, a homestead could thereafter be conveyed by deed without consideration. Chase Fed. Sav. & Loan Ass’n v. Schreiher, 479 So.2d 90, 101 (Fla.1985).