DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WORLD-CLASS TALENT EXPERIENCE, INC.,** a Florida corporation,
Appellant,

v.

**FRANK GIORDANO, LYNN GIORDANO, JEVAN DAVID,** individually,
and **SHAWNA DAVID,** individually,
Appellees.

No. 4D18-3807

[March 11, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John J. Murphy III, Judge; L.T. Case No. CACE 15-016072.

Daniel A. Bushell of Bushell Law, P.A., Fort Lauderdale, for appellant.

Kenneth W. Waterway of Berger Singerman LLP, Fort Lauderdale, and Lindsey M. Tenberg of Lindsey M. Tenberg P.A., Lighthouse Point, for appellees Frank Giordano and Lynn Giordano.

KUNTZ, J.

World-Class Talent Experience, Inc. appeals the circuit court's partial final judgment of corporate dissolution. We address two issues raised on appeal.[1] First, we agree with World-Class that the Second Stock Purchase Agreement lacked consideration. As a result, the court erred when it enforced that agreement. Second, we agree the court erred when it dissolved World-Class under section 607.1430(2), Florida Statutes (2018). As a result, we reverse the court's partial final judgment.

---

[1] We affirm without comment the court's denial of World-Class's motion to dismiss for failure to join an indispensable party. The fourth issue raised on appeal—that the court violated World-Class's due process rights when it ordered the corporation's immediate dissolution—is rendered moot by our reversal of the dissolution order.

## Background

World-Class hosts competitive dance competitions throughout the United States. At the company's start, Shawna and Jevan David were the sole directors and held all 100 shares in the company. Frank and Lynn Giordano, however, were actively involved in the company's operations.

The Davids and the Giordanos executed a Stock Sale and Purchase Agreement, providing the Giordanos ten percent of the company in exchange for a $50,000 investment in World-Class. The original Purchase Agreement also gave the Davids the right to repurchase stock at any time for $50,000 plus accrued interest.

Later, the parties executed a Second Stock Purchase Agreement. The Second Stock Purchase Agreement gave the Giordanos another 500 shares of newly issued stock, purporting to provide the Giordanos with a fifty percent interest in the company. Like the original Purchase Agreement, it gave the Davids the right to repurchase the issued stock. The consideration for the newly issued stock was the same $50,000 that formed the consideration for the original Purchase Agreement.

At first, the parties ran the company amicably. But a few years later, their relationship grew tense, and the parties were "barely on speaking terms." The Giordanos filed an eight-count complaint against the Davids and the company, and the company filed a multi-count counterclaim.

The court held a bench trial and found that the Giordanos owned fifty percent of the company as a result of the Second Stock Purchase Agreement. The court also granted a judicial dissolution of World-Class.

## Analysis

### i. The Second Stock Purchase Agreement Lacks Consideration

World-Class argues the Second Stock Purchase Agreement lacks consideration and, as a result, is unenforceable. We agree.

A contract requires consideration to be enforceable. *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1311 (11th Cir. 1998); *Jericho All-Weather Opportunity Fund, LP v. Pier Seventeen Marina & Yacht Club, LLC*, 207 So. 3d 938, 941 (Fla. 4th DCA 2016) (citations omitted); *Howdeshell v. First Nat'l Bank of Clearwater*, 369 So. 2d 432, 434 (Fla. 2d DCA 1979) ("Lack of consideration is a defense to a contract action . . . .").

Here, the Second Stock Purchase Agreement included purported consideration.

But the purported consideration for the Second Stock Purchase Agreement fails because it was the same $50,000 used as consideration for the original Purchase Agreement. The same money cannot act as consideration for both agreements. *Newkirk Constr. Corp. v. Gulf Cty.*, 366 So. 2d 813, 815 (Fla. 1st DCA 1979) ("Modifications of contracts must be supported by new consideration as well as the consent of both parties.").

Still, the Giordanos contend the consideration for the Second Stock Purchase Agreement existed in the form of an alleged promise that they would perform more labor for World-Class. But this consideration is not found within the Second Stock Purchase Agreement, which states: "This Agreement constitutes the entire agreement between the parties and supersedes and replaces any and all other negotiations, conversations, understandings and/or agreements, written, oral, implied, or otherwise."

The Second Stock Purchase Agreement's merger or integration clause prevents the Giordanos from introducing evidence of their alleged promise. A merger clause "make[s] extrinsic agreements unenforceable unless they are contained within the written contract." *Billington v. Ginn-La Pine Island, Ltd., LLLP*, 192 So. 3d 77, 80 (Fla. 5th DCA 2016) (citation omitted). "[A] merger clause is a highly persuasive statement that the parties intended the agreement to be totally integrated and generally works to prevent a party from introducing parol evidence to vary or contradict the written terms." *Jenkins v. Eckerd Corp.*, 913 So. 2d 43, 53 (Fla. 1st DCA 2005).[2]

In short, the Second Stock Purchase Agreement fails for lack of consideration.

---

[2] Although there are exceptions to the rule precluding parol evidence, *see, e.g.*, *Mason v. Roser*, 588 So. 2d 622, 624 (Fla. 1st DCA 1991); *Nobles v. Citizens Mortg. Corp.*, 479 So. 2d 822, 822 (Fla. 2d DCA 1985), no exception was raised here.

## ii. No Ground Exists for Dissolution Under Section 607.1430, Florida Statutes

Next, the Davids argue there were no grounds for dissolution under section 607.1430(2), Florida Statutes (2018).[3] Under one provision of the statute, in a shareholder proceeding, a court may dissolve a corporation if there is deadlock among the directors, the shareholders cannot break the deadlock, and there is a threat or occurrence of irreparable injury to the corporation. § 607.1430(2)(a), Fla. Stat. (2018).

Similarly, another provision allows for the dissolution of a corporation if "[t]he shareholders are deadlocked in voting power and have failed to elect successors to directors whose terms have expired or would have expired upon qualification of their successors[.]" § 607.1430(2)(b), Fla. Stat.

Here, the Giordanos satisfied none of the requirements of the statute.

First, because we hold the Second Stock Purchase Agreement fails for lack of consideration, the Davids control ninety percent of the company stock. Even if the directors are deadlocked, the Davids, as the majority shareholders, can break the deadlock. Second, the Davids remain the only directors of World-Class. As such, any deadlock is between directors and non-directors.

In summary, the Davids are the sole directors and the majority owners of World-Class. On those facts, the Giordanos cannot satisfy the requirements for dissolution in sections 607.1430(2)(a) or 607.1430(2)(b).[4]

## Conclusion

The court erred when it found the Second Stock Purchase Agreement valid. That agreement fails for lack of consideration. As a result, the Davids hold ninety percent of World-Class's stock, and the Giordanos hold

---

[3] The legislature amended section 607.1430, effective January 1, 2020. *See* ch. 2019-90, § 189, Laws of Fla. Former section 607.1430(2)(a) is now section 607.1430(1)(b)1., and former section 607.1430(2)(b) is now section 607.1430(1)(b)2. Ch. 2019-90, § 189, Laws of Fla. The substance of the statute also changed, but not in a way that affects the resolution of this case.

[4] We also note that there was insufficient evidence of corporate waste to permit dissolution under section 607.1430(3), Florida Statutes (2018).

ten percent of the stock. The court also erred when it dissolved World-Class under section 607.1430(2).

We therefore reverse the court's judgment and remand for further proceedings.

*Affirmed in part; reversed in part; and remanded.*

TAYLOR and CIKLIN, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***