139 So.2d 472 (1962)
Carl S. EVANS and Audrey E. Evans, His Wife, Appellants,
v.
Felix BORKOWSKI, Appellee.
No. D-1.
District Court of Appeal of Florida. First District.
March 22, 1962.
Rehearing Denied April 13, 1962.
Dan R. Warren, Daytona Beach, for appellants.
Ossinsky & Krol, Daytona Beach, for appellee.
*473 STURGIS, Judge.
Carl S. Evans and wife, the buyers, sued Felix Borkowski, the seller, to recover an alleged overpayment made under protest incident to their purchase of real and personal property, consisting of a motel and its furnishings. Summary final judgment was entered in favor of seller, hence this appeal.
The undisputed proofs reflect that on July 24, 1956, the parties entered into a written purchase and sale agreement covering the subject property, possession of which was delivered to buyers on that date. The agreed purchase price was $40,000.00, payable $15,500.00 in cash, $4,500.00 within sixty days from said date, and $20,000.00 within 120 days from said date. Seller agreed to furnish buyers with marketable title by the time the final payment of $20,000.00 became due, else to refund all sums theretofore paid, less the "rentals taken in" for which buyers were to account to seller. The penalty for failure to make the specified payments was that the moneys "paid on account shall be forfeited and this agreement shall become null and void, and all copies shall be returned to the Seller for cancellation." There was no provision for payment of interest on delinquent or deferred installments of the purchase price.
Due to buyers' financial difficulties, the transaction comprehended by the agreement of July 24, 1956, was not consummated. Instead, seller indulged several requests of buyers to defer payment of said $4,500.00 and $20,000.00 installments and on November 9, 1957, the following independent transaction took place: Buyers paid seller an additional sum of $9,500.00 and gave him their promissory note of that date for $15,000.00, bearing 6% interest, maturing November 9, 1958, secured by their mortgage of that date on the subject realty, and in exchange therefor received seller's deed of conveyance of the realty, subject to said mortgage, and his bill of sale to the personalty.
The mortgage note became in default, but no action was taken to reduce the note to judgment or enforce the mortgage. By check dated July 31, 1959, buyers paid and seller accepted the sum of $6,900.00 for application on the note; and on May 19, 1960, buyers tendered $10,005.00 to seller in payment of the unpaid balance of said note and requested a release of the mortgage in exchange therefor, whereupon seller, as a condition to giving the release, demanded that buyers pay an additional $1,386.90 for 6% interest on the above mentioned items of $4,500.00 and $20,000.00, respectively, during the period from their respective due dates under the agreement of July 24, 1956, to November 9, 1957, the date when the $9,500.00 payment was made and the note and mortgage given in exchange for the deed and bill of sale. Faced with said demand, the buyers paid said sum of $1,386.90 under protest, and paid the $10,005.00 balance of the mortgage note, and seller then delivered a satisfaction of the mortgage.
The facts thus far stated are not in dispute. Although there may be some question of fact on the subject, we assume, for the purposes of this opinion and as contended by seller, that buyers induced seller to make the conveyances and accept the note and mortgage of November 9, 1957, in consideration of their contemporaneous parol agreement to pay to seller, not later than November 10, 1957, an amount equal to 6% interest on the deferred purchase money installments of $4,500.00 and $20,000.00 under the contract of July 24, 1956, for the period from their respective due dates to November 9, 1957. On this predicate there arises three questions for determination: (1) whether the transactions of November 9, 1957, constituted a novation, taking the place of and operating to destroy the contract of July 24, 1956; (2) if so, whether the contemporaneous parol agreement is inadmissible in evidence because it would tend to contradict or add to the written instruments evidencing the novation; and (3) assuming the parol evidence rule operates to bar the parol agreement from admission in evidence, whether the trial court was obliged to *474 take note thereof and deny defendant's motion for summary judgment. We have concluded that each of these questions must be answered in the affirmative. In so holding we take cognizance of Rule 1.36(e), 1954 Florida Rules of Civil Procedure, 30 F.S.A. which requires that the affidavits in support of a motion for summary judgment "shall set forth such facts as would be admissible in evidence."
A novation takes place only by agreement, but where the terms of a written agreement are not in doubt, the question of whether it effects a novation is one of law for the court. Morecraft v. Allen, 78 N.J.L. 729, 75 A. 920, L.R.A. 1915B, 1. Existence of a novation must be implied as a matter of law in those instances where the parties enter into an entirely new and unambiguous agreement of equal or greater dignity to the agreement first made with respect to the same subject. Every element necessary to establish a novation attends the admitted transactions that took place between the parties to this suit on November 9, 1957. Indeed, experience compels us to take judicial notice of the fact that upon closing technical contracts for the purchase and sale of real and personal property, it is probably the rule rather than the exception that some departure takes place between the transaction as expressed by the initial agreement and that which is ultimately consummated. This is especially true in those instances where one of the parties has failed to perform strictly in accordance with time schedules usually contained in such agreements, and the instances are legion where defaults and the rights attendant thereon are waived as an incident to the novation expressed by the written instruments passing between parties at the closing. A more confused and impractical situation can hardly be imagined than that which would exist in transactions involving the sale and purchase of property and where closing is effected by passing title to the buyer in exchange for a purchase money note and mortgage to the seller, if either party were permitted to assert a claim for damages based upon a contemporaneous parol agreement varying, contradicting, or adding to the clear terms and conditions of such title and mortgage papers which prima facie evidence the final agreement of the parties.
Appellee correctly insists that interest at the legal rate accrued as a matter of law on delinquent amounts payable by contract, but that rule is inapplicable to the case on review because the contract of July 24, 1956, contained the above mentioned specific provisions fixing the rights of the respective parties upon default by the other, and payment of interest is not involved. Thus it is that while prior to the transaction of November 9, 1957, and because of buyers' default, the seller probably had the right to declare a forfeiture of the amounts theretofore paid by buyers, and was free to require buyers to accept some new condition for seller's consent to the agreement of November 9, 1957 (matters which are not involved on this appeal), the fact remains that payment of interest on installments in arrears was not required by the contract of July 24, 1956, or by the novation of November 9, 1957, that there is no other writing expressing such purpose or agreement, and that the transactions of November 9, 1957, are complete in themselves and at such variance with the contract of July 24, 1956, that in point of law they must be treated as a novation. As such, they do not remotely cast any contractual obligation on buyers other than those expressed by the clear terms of their mortgage and promissory note secured thereby.
We do not deem it necessary to deal at length with the proposition that parol testimony is inadmissible to vary, contradict, or add to the terms of a written instrument. As said in McCormick on Evidence (1954), par. 211:
"The phrase becomes a shibboleth, repeated in ten thousand cases. It obviously enables the judge to head off the difficulty at its source, not by professing to decide any question as to the *475 credibility of the asserted oral variation, but by professing to exclude the evidence from the jury altogether * * *."
It is a rule of substantive law, which rests upon a rational foundation of experience and policy and is essential to the certainty and stability of written obligations. Paradise Beach Homes, Inc. v. South Atlantic Lbr. Co., Fla.App., 118 So.2d 825. There are many exceptions to the rule but they generally involve written instruments that are incomplete or so framed as to require explanation by way of parol testimony, which factors are not involved on this appeal.
The seller insists that buyers made the alleged parol agreement as an inducement to him to accept their mortgage note in the principal sum of $15,000.00; more specifically, to avoid the inclusion therein of the interest item in question. By the same token, it is evident that the parol agreement, if any, was part and parcel of the novation and as such is inadmissible in evidence.
We deem it in order to note that our holding is based upon what we deem to be well-settled principles of law which have been established as the result of the dictates of experience and wisdom which takes into account the fact that when in conflict, written transactions must prevail over parol transactions; that stability and order compels that course. In so holding, we recognize that under this rule it is inevitable that there will be instances where, as appears to be the case here, an unsuspecting person will accept in good faith the promise of a dissembler and reap the consequences of ill-placed trust. It is regretful that the advantages of maintaining the rule outweigh the disadvantages occasionally suffered by such circumstances.
Applying Rule 1.36(e), F.R.C.P., to the facts and our above conclusions, it is apparent that in entering the summary judgment herein the court below gave binding legal force and effect to the alleged parol agreement of buyers. On motion for summary judgment it is the duty of the trial judge under the rule to exclude from consideration all such facts in the proofs "as would be inadmissible in evidence * * *."
For the reasons stated the judgment appealed must be and it is hereby
Reversed.
CARROLL, DONALD K., Chief Judge, and RAWLS, J., concur.