**ATLANTIC ELECTRIC, INC., Security Mutual Casualty Company, R. E. Clarson, Inc., and Reliance Insurance Company, Appellants,**

v.

**ALLIS–CHALMERS MANUFACTURING COMPANY, Appellee.**

No. 22729.

United States Court of Appeals
Fifth Circuit.

April 4, 1967.

---

Harold L. Ward, Miami, Fla., Joel Miller, Fort Lauderdale, Fla., John Carruthers, II, Miami, Fla., for appellants, Fowler, White, Gillen, Humkey & Trenam, Smathers & Thompson, Miami, Fla., Miller & Capp, Fort Lauderdale, Fla., of counsel.

Thomas C. MacDonald, Jr., J. Rex Farrior, David G. Hanlon, John I. Van Voris, Tampa, Fla., for appellee, Shackleford, Farrior, Stallings, Glos & Evans, Tampa Fla., of counsel.

Before COLEMAN and DYER, Circuit Judges, and ESTES, District Judge.

PER CURIAM:

Under the Miller Act [40 U.S.C., § 270b], Allis-Chalmers Manufacturing Company sued the appellants for $106,-949.59, plus interest, as the amount alleged due and owing for materials and equipment delivered to Atlantic Electric, Inc., a subcontractor, for use in the construction of certain facilities at an Air Force Missile Test Center in Florida. R. E. Clarson was the general contractor and the other codefendants-appellants were sureties. In a general verdict the jury found for plaintiff-appellee in the sum of $115,977.38. From the judgment entered on that verdict the losing litigants have appealed. We affirm.

That Allis-Chalmers had, in fact, delivered the materials and equipment was not really disputed. Defendants alleged, however, by way of set-off, that late deliveries, delivery of "incomplete" equipment, and deliveries of defective equipment had damaged Atlantic in an amount equal to or exceeding the balance due on the original order which involved a total of $327,000, plus additional orders of $26,105.59. A total of $246,158 had been paid on the account, hence the claimed balance of $106,949.59.

Neither the proper disposition of the appeal nor the possible future importance of any substantial legal principle involved require protracted discussion of the unusually voluminous record compiled in this rather commonplace dispute about the balance due on an equally ordinary account. Obviously, the jury credited some of the contentions of appellants as the verdict was for only $9,-027.79 in excess of the principal balance, whereas under all the proof there could have been a finding for as much as $22,-514.98 by way of interest.

Appellants say that the Court erred in permitting the jury to award interest on all delinquent portions of this account. We think, however, the Court was manifestly correct, Florida Statutes, Section 687.01, F.S.A.; Evans v. Bar-

kowski, Fla.App., 1962, 139 So.2d 472. Without belaboring the vigorously contested details, we point out that the invoices used as the basis for the computation of interest were admitted in evidence without objection. The factual disputes with reference thereto were, of course, to be resolved by the jury.

■ Appellants further urge that the Court erred in holding that Allis-Chalmers was exonerated from liability for any alleged breach of warranty subsequent to the date the Corps of Engineers accepted the project for beneficial occupancy. Examination of the specific terms of the contract between the parties clearly establishes, regardless of date, that this ruling was correct. Additionally, breach of warranty had not been pleaded as an affirmative defense.

The details of this controversy were thoroughly thrashed out in a manner free of prejudicial error. The Judgment of the Court must be and is

Affirmed.