334 So.2d 54 (1976)
STATE of Florida ex rel. Cynthia M. PEARSON, Relator,
v.
The Honorable W. Clayton JOHNSON, Circuit Judge of the Seventeenth Judicial Circuit of Florida, IN AND FOR BROWARD COUNTY, and Harry L. Pearson, Jr., Respondents.
No. 76-335.
District Court of Appeal of Florida, Fourth District.
April 30, 1976.
Rehearing Denied June 2, 1976.
Harry G. Carratt, of Morgan, Carratt & O'Connor, P.A., Fort Lauderdale, for relator.
Neal R. Kalis of Shaffner & Shaffner, Fort Lauderdale, for respondents.
*55 OWEN, Judge.
A suggestion for writ of prohibition was filed as an original proceeding accompanied by supporting brief as required by Rule 4.5(d)(1) F.A.R. Having issued a rule directed to respondent and having now considered respondent's return and brief and relator's reply brief, we conclude that the rule was improvidently entered and that the suggestion for writ of prohibition should be denied.
The suggestion, filed here on February 23, 1976, alleged in substance that respondent was acting in excess of his power, jurisdiction and authority in that, unless prohibited, he would on the 8 day of March, 1976, hold petitioner in contempt and impose certain sanctions against her, for her failure to comply with an order of the court of January 15, 1976, wherein petitioner had been ordered to execute and deliver to her former husband a quit-claim deed conveying to him her interest in certain real property in Lee County, Florida. The suggestion further alleged: that the marriage of petitioner and her former husband had been dissolved by final judgment entered June 26, 1974; that the judgment had incorporated therein the provisions of a property settlement agreement between petitioner and her former husband, the terms of which required petitioner to quit claim to her husband all real property then titled in his name alone; that said judgment had not been appealed and had since become final; that the real property which the court, in its order of January 15, 1976, had required petitioner to convey to her former husband was titled in the name of both petitioner and her former husband jointly; and that such property was not required by the property settlement agreement or the final judgment to be conveyed by her to her former husband.
The court's order of January 15, 1976, was entered on the former husband's motion for an order enforcing the final judgment. The court has inherent power to enforce its orders and judgments, the procedure for which is prescribed by Rule 1.570 RCP. In exercising its power and authority to enforce its judgment, the court may commit error in its ruling, and still not be acting without or in excess of its power. Essentially, petitioner's claim here is that the trial court has erroneously construed the unambiguous language of the property settlement agreement so as to require petitioner to convey real property which the parties by their agreement did not require of her. If the court did err as contended by petitioner, a point we do not decide, any such error was reviewable by appeal from the order of January 15, 1976. But error or not, the court clearly had the power and jurisdiction to order enforcement of the judgment and having done so, had the power and jurisdiction to hold petitioner in contempt for her failure to comply with such order. The function of prohibition is not to correct error or act as a substitute for appeal, but solely to prohibit a court from acting without or in excess of its jurisdiction. See, 25 Fla.Jur., Prohibition, § 1 et seq. (1959). That is not the case here and the writ is therefore denied.
The court's order of January 15, 1976, provided that it would itself act as the conveyance if petitioner failed, within ten days thereof, to comply. We note, purely as dicta, that with the order being self-executing in this respect, there appears to be a serious question as to whether petitioner's failure to comply would properly subject her to contempt.
Writ DENIED.
DOWNEY, J., concurs.
MAGER, J., dissents, with opinion.
MAGER, Judge (dissenting).
Although the relator and respondent have not addressed themselves to the issue of the availability and propriety of relief by prohibition, it is clear from the nature *56 of the order and the relief sought that prohibition is not the proper remedy. Chapman v. Rose, 295 So.2d 667 (Fla.App.2d 1974); State ex rel. Shailer v. Booher, 241 So.2d 720 (Fla.App.4th 1970). To that extent I concur with the views expressed in the majority opinion. However, inasmuch as it appears that the relator has sought review by an improvident remedy it would seem to me that this court is authorized and should elect to treat the petition for prohibition as a petition for certiorari within the spirit and intent of sec. 2(a), Article V, Constitution of Florida, which provides in part, "no cause shall be dismissed because an improper remedy has been sought." See State ex rel. Miami Herald Pub. Co. v. McIntosh, 322 So.2d 544 (Fla. 1975). It further appears to me that the instant petition would be timely because the order sought to be reviewed was a final order which was properly stayed for appellate purposes by the filing below of a motion for rehearing. Therefore, I would respectfully dissent from a dismissal of this cause and would proceed by way of certiorari so as to afford the relator a review on the merits.