342 So.2d 1018 (1977)
Cynthia M. PEARSON, Appellant,
v.
Harry L. PEARSON, Jr., Appellee.
No. 76-336.
District Court of Appeal of Florida, Fourth District.
February 11, 1977.
Harry G. Carratt of Morgan, Carratt & O'Connor, Fort Lauderdale, for appellant.
Neal R. Kalis of Shaffner & Shaffner, Fort Lauderdale, for appellee.
ALDERMAN, Judge.
The parties to this appeal were previously before the court in State ex rel. Pearson v. Johnson, 334 So.2d 54 (Fla. 4th DCA 1976). Appellant-wife in the earlier case sought a writ of prohibition. In denying the writ we held that the trial court had jurisdiction to enter the order in question, but we did not decide the merits of the case because the function of prohibition is not to correct error or act as a substitute for appeal.
The order of the trial court is now before this court for review by appeal. The facts are as follows: appellee-husband filed suit for dissolution of marriage. He attached to his petition a property settlement agreement that had been signed by both husband and wife. A default was taken against wife and the action proceeded to final hearing. An ex parte final judgment was obtained which dissolved the marriage and incorporated by reference the terms of the property settlement agreement. The final judgment ordered that the property settlement agreement was binding upon the parties as to any and all matters contained therein. No appeal was taken from the final judgment. More than a year later husband sought by contempt proceedings to force his former wife to convey to him her interest in certain jointly owned real property. The trial court, in the order which is the subject of this appeal, ordered wife to execute and deliver to husband a quit claim deed for this property.
The only provision of the property settlement agreement which specifically mentions real property provides:
"The Wife agrees to execute any Quit Claim Deeds, Releases or other documents of conveyance and relinquishment in order to secure to the Husband all real property, stocks and mutual funds, and *1019 business known as PRETTY POODLE, all of which are presently titled in the Husband's name alone." (Emphasis supplied).
The real property in question was not "titled in husband's name alone." During the marriage and at the time of the divorce it was owned by husband and wife jointly as an estate by the entireties. Upon dissolution of the marriage the parties by operation of law would become tenants in common, unless some other disposition was made of the property. Section 689.15, Florida Statutes (1975). Husband contends that some other disposition was in fact intended. The trial court found that the jointly held real property belonged to the husband because it fell within the purview of that portion of the property settlement agreement quoted above. We respectfully disagree and reverse.
The property settlement agreement recited that the parties had agreed upon settlement of all questions, including property rights and that they desired to reduce the settlement to writing. The agreement further stated that the written document constituted the entire agreement, and that no representations other than those set forth therein had been made; nor were any to be interpreted as being part of the intent of the parties at the time they entered into the agreement.
According to the property settlement agreement: "The Wife agrees to execute any Quit Claim Deeds ... in order to secure to the Husband all real property ... all of which are presently titled in Husband's name alone." Although awkwardly stated, this provision on its face is clear and unambiguous. It is not inherently inconsistent with the other parts of the property settlement agreement. A literal reading of the provision is that wife agreed to secure to husband all real property presently titled in husband's name alone. No reference is made to real property owned jointly by the parties.
The trial court based its ruling upon the testimony of the husband as to the true intent of the parties at the time the property settlement agreement was signed. We hold this testimony to be inadmissible under the parol evidence rule. This is a rule of substantive law which rests upon a rational foundation of experience and policy and is essential to the certainty and stability of written obligations. Milton v. Burton, 79 Fla. 266, 84 So. 147 (1920); Paradise Beach Homes, Inc. v. South Atlantic Lumber Co., 118 So.2d 825 (Fla.1st DCA 1960); Evans v. Borkowski, 139 So.2d 472 (Fla.1st DCA 1962). Husband by his oral testimony should not have been allowed to contradict, vary or modify the clear and unambiguous terms of the property settlement agreement.
In summary we hold that the property settlement agreement as written does not require the wife to quit claim to her former husband her interest in their jointly owned real estate. Husband can not now ask the court to rewrite the clear and unambiguous terms of the written agreement based upon parol testimony as to the true intent of the parties.
REVERSED.
ANSTEAD and DAUKSCH, JJ., concur.