PER CURIAM.
This appeal questions the correctness of a summary judgment rendered in favor of appellee, City National Bank of Miami, in an action by appellant, International Granite and Marble Corp., wherein it was alleged that appellee negligently failed to discharge its obligations in connection with the collection of certain notes payable to appellant at appellee’s bank.
The trial court granted appellee’s motion for summary judgment upon the following findings:
“THIS CAUSE coming on to be heard before me the undersigned judge of the above entitled Court on Defendant, CITY NATIONAL BANK OF MIAMI’S Motion For Summary judgment and, prior to the hearing, Plaintiff, INTERNATIONAL GRANITE & MARBLE CORP., having filed an Affidavit to the effect that they were endeavoring to obtain Affidavits to controvert the testimony of CITY NATIONAL BANK OF MIAMI’S officers that, in the handling of the items which are the subject matter of this suit, CITY NATIONAL BANK OF MIAMI followed the instructions of Chase Manhattan Bank, that portion of the Motion For Summary judgment filed by the defendant which was bottomed on that defense was deferred. CITY NATIONAL BANK OF MIAMI proceeded to argue its Motion for Summary Judgment on grounds that a novation had occurred and that the Plaintiff had discharged the notes which are the subject matter of this action. Upon those grounds this Court finds there are no contested issues of fact as follows:
“1. CITY NATIONAL BANK OF MIAMI received for collection from Chase Manhattan Bank in July of 1974 a note payable by Tile Service, Inc. to the Plaintiff in the amount of $18,826.38, which note was payable at the CITY NATIONAL BANK OF MIAMI.
“2. On August 15, 1974, CITY NATIONAL BANK OF MIAMI received for collection from the Chase Manhattan Bank a note in the amount of $24,373.41 payable by Tile Service, Inc. to the Plaintiff which note was payable at the CITY NATIONAL BANK OF MIAMI.
“3. The CITY NATIONAL BANK OF MIAMI did not return the notes until October 31, 1974.
“4. After the return of the notes to Chase Manhattan Bank, the Plaintiff in this cause, INTERNATIONAL GRANITE & MARBLE CORP., continued to ship to Tile Service, Inc. further supplies.
“5. It has been admitted that on December 30, 1974, INTERNATIONAL GRANITE & MARBLE CORP. and Tile Service, Inc. entered into an Agreement which Agreement is part of the file and is attached to the FIRST REQUEST FOR ADMISSIONS. The Agreement covers among other debts the two notes which are the subject matter of this action. By the terms of the Agreement, INTERNATIONAL GRANITE & MARBLE CORP., Plaintiff herein, discharged the two notes, for the handling of which it seeks to hold liable in this action, CITY NATIONAL BANK OF MIAMI.
“6. As part of the Agreement, the payor of the two notes, which are the subject matter of this action, agreed to purchase all future supplies from INTERNATIONAL GRANITE & MARBLE CORP. INTERNATIONAL GRANITE & MARBLE CORP. agreed to take new notes for the past due debts which notes were to be personally endorsed by a principal of Tile Service, Inc.
“7. INTERNATIONAL GRANITE & MARBLE CORP. has admitted the execution of the Agreement and has admitted that the new notes were, in fact, given by Tile Service, Inc. and a new debt created thereby.
“8. By this action, Plaintiff, INTERNATIONAL GRANITE & MARBLE CORP., seeks to hold CITY NATIONAL BANK OF MIAMI liable for its handling *157 of the original notes which were discharged by the Agreement of December 30, 1974.
“9. This Court finds as a matter of law that a novation occurred when the parties entered into and executed the Agreement of December 30, 1974, and that while the Agreement preserves whatever rights the Plaintiff may have under Florida’s mechanics lien law, it does not reserve any rights as against the CITY NATIONAL BANK OF MIAMI.”
The sole point on appeal is whether the trial court erred in granting the appellee’s motion for summary judgment and ruling, as a matter of law, that the agreement of December 30,1974 entered into between the appellant and the debtor-maker, constituted a novation and did thereby discharge the notes held by the appellee for collection.
We have carefully considered the point on appeal in the light of the record on appeal, briefs and arguments of counsel and have concluded that no reversible error has been made to appear. Evans v. Borkowski, 139 So.2d 472, (Fla. 1st DCA 1962). Therefore the summary judgment appealed is affirmed.
Affirmed.