382 So.2d 1295 (1980)
Grover W. BURGAN and American Sportsman of North Florida, Inc., Appellants/Cross-Appellees,
v.
The PINES COMPANY OF GEORGIA, LTD., a Limited Partnership, Bridle Woods, Ltd., a Limited Partnership, and Bridle Woods II, Ltd., a Limited Partnership, Appellees/Cross-Appellants.
No. NN-7.
District Court of Appeal of Florida, First District.
April 22, 1980.
Rehearing Denied May 8, 1980.
Tyrie A. Boyer of Boyer, Tanzler, Blackburn & Boyer, Jacksonville, for appellants/cross-appellees.
John F. Fannin, Jacksonville, for appellees/cross-appellants.
ERVIN, Judge.
This appeal is from a final judgment denying appellants' action for specific performance of five written documents providing for the sale of realty. Appellants argue that because there was no ambiguity on the *1296 face of the documents, as found by the trial court, the court erred in admitting parol evidence for the purpose of showing that the parties intended to make only one contract involving the sale of seven tracts of land. We affirm.
The appellees owned a large, undeveloped parcel of land which was divided into tracts 1, 2, 2A, 3, 4, 5, 6, 7 and 8. The appellants purchased the eastern portion of tract 1 and the western half of tract 3, which adjoined tract 1. Later, appellant Burgan formed appellant American Sportsman, a corporation to develop a recreational-retail complex with tennis and racketball courts, an archery range, skeet and trap shooting, camping and day-care facilities. Burgan needed more land and offered to purchase the remainder of tract 3 and tract 4 from appellees.
Initially, appellees were to sell tract 4 and the remainder of tract 3 for $310,000 down and a mortgage. Before closing, appellees offered to sell all the remaining tracts in the parcel for the same down payment. Appellants agreed to the new offer.
Seven contracts for sale were drawn which showed title to the tracts in one or other of the appellees. The cash requirement was allocated among the contracts.[1] All of the contracts provided for the same closing date. At closing, Burgan announced he could not meet the $310,000 cash requirement and demanded appellees convey him the land covered by only five of the contracts. Those five contracts required $39,260 down and the discharge of an existing mortgage on tracts 3 and 4. After the appellees refused to close on less than all of the contracts, the appellants sued for specific performance of the five contracts. The appellees affirmatively defended that the contracts were not intended to be separate, complete agreements in themselves, but that they were all part of a package deal which contemplated sale of all of the seven tracts. Appellants moved to strike the defense, asserting that the five contracts were not facially ambiguous and that the parol evidence rule prohibited evidence that they were not contracts complete in themselves.
Before the trial judge, the parties stipulated that extrinsic evidence would be allowed subject to the appellants' standing objection to the admission of parol evidence. While the trial judge refused to order specific performance, he decreed an equitable lien for sums expended by the appellants before they refused to close.
We agree with the appellees that the trial judge was not bound by the parol evidence rule in deciding whether the seven contracts were each a separate, complete agreement, or whether the parties had agreed that all of the contracts together were the "complete and accurate `integration' ..." of their agreement. Although the rule precludes evidence of understandings, parol or otherwise, which preceded a final integration of the parties' contract, if there is disagreement whether the particular writing is in fact a complete and accurate integration of the contract, the parol evidence rule is not applied. 3 Corbin On Contracts, § 573 at 357-59 (1960). And no relevant evidence, parol or otherwise, is excluded. Id. at 360. Accord, Florida Capital Corporation v. Robert J. Bisset Construction, Inc., 167 So.2d 595, 597 (Fla.2d DCA 1964). See also Brown v. Financial Service Corporation International, 489 F.2d 144, 149 (5th Cir.1974). As observed in Jackson v. Parker, 153 Fla. 622, 15 So.2d 451, 460 (1943): "Parol evidence is admissible to connect several written instruments and show that they were all parts of one transaction."
We conclude that parol evidence was, under the circumstances, admissible to establish that the parties intended one integrated package transaction for the sale of all seven contiguous parcels of real estate. The parcels were negotiated and signed by the same parties, using identical forms which called for but one closing date.
*1297 We have considered the other points raised by appellants, which question factual findings of the trial judge, or which restate the issue argued above and, finding evidence to support the judge's findings, we affirm the judgment in its entirety, including its imposition of an equitable lien in favor of the appellants.
ROBERT P. SMITH, Jr., J., concurs.
BOOTH, J., dissents with opinion.
BOOTH, Judge, dissenting:
I would reverse the judgment sought to be reviewed, which judgment is, in pertinent part, as follows:
"There is no obvious ambiguity on the face of the five documents sued upon, captioned AGREEMENT FOR SALE AND PURCHASE, nevertheless the court admitted testimony at trial and other explanatory evidence concerning them, subject to the Plaintiffs' standing objection on the ground of the parol evidence rule .. ."
* * * * * *
"The seven agreements were silent regarding the Defendants' contention that the underlying assumption of the parties was that the seven agreements were intended to be considered as a whole and were to be construed as one, entire contract. Nevertheless, considering all the evidence, the court does not invoke the parol evidence rule and finds from the discussions and actions of the parties and their attorneys, which are not inconsistent with the writings, the Defendants' aforesaid contention is correct. The parties did make a single, entire contract, which is manifested in the seven documents,..."
The foregoing judgment finds that the five contracts sought to be specifically enforced contain "no obvious ambiguity." The court further finds the agreements are "silent" as to the defendants' contention that the "underlying assumption of the parties" was that the seven agreements were to be one contract. These findings by the trial court require application of the parol evidence rule and preclude the use of extrinsic evidence to vary or add to the terms of the contract. The court's conclusion that the seven separate contracts were a single contract can only be based on evidence outside the written agreements in contravention of the parole evidence rule.
The parol evidence rule is not a rule of evidence but a rule of substantive law.[1] Under this Rule, a finding of ambiguity is a prerequisite to the use of extrinsic evidence to vary the terms of a valid contract. It is also held that extrinsic evidence may not be used to create the ambiguity, as stated in J.C. Penney Co. v. Koff, 345 So.2d 732, 735 (Fla.4th DCA 1977):
"[T]he courts are allowed to consider extrinsic evidence only when confronting an ambiguous contract provision, and they are barred from using evidence to create an ambiguity to rewrite a contractual provision, or to vary a party's obligation under a contract."
My review of the record fails to reveal a basis for the majority's affirmance of the trial court's conclusion, since that affirmance requires a finding that, contrary to the trial court's finding, the five agreements are ambiguous. The record will not, in my opinion, support that finding.
I respectfully dissent.
NOTES
[1] As to tracts 2, 2A, 5, 6, 7 and 8, no cash consideration was recited on the face of the documents, although appellants were to assume the current balance on certain mortgages, and no cash money deposits were required for tracts 2, 2A, 4, 5, 6, 7 and 8.
[1] Pearson v. Pearson, 342 So.2d 1018 (Fla.4th DCA 1977); Evans v. Borkowski, 139 So.2d 472, 474 (Fla.1st DCA 1962); E.A. Turner Construction Co. v. Demetree Builders, 141 So.2d 312, 314 (Fla.1st DCA 1962); J.M. Montgomery Roofing Co. v. Fred Hauland, Inc., 98 So.2d 484 (Fla. 1957).