OWEN, WILLIAM C., Jr., (Retired) Associate Judge.
There is a saying, “Fool me once, shame on you. Fool me twice, shame on me.” Appellant, a lawyer, who during the course of certain litigation was hired to replace the plaintiff’s original lawyer, and who himself was subsequently discharged, then rehired, and finally discharged a second time, seeks review of (1) a judgment fixing the amount of his attorney’s charging lien against the funds generated by ultimate settlement of the client’s lawsuit, and (2) a post judgment order which permitted the lien against the funds to be discharged by payment of the judgment.
Because we reverse the judgment, an opinion is mandated. To facilitate a better understanding of the basis of our decision, an extensive recitation of facts is necessary. Thus burdened, and lacking, as it is, in foreseeable value as precedent, this opinion stands as a persuasive argument for the adoption of a rule permitting unpublished opinions on a selective basis.
Appellee, Mr. Vandiver, plaintiff in what was described as a complex lawsuit against a corporation owned and controlled by members of his family, enjoyed a succession of lawyers as his counsel. The lawyer whom he initially retained and who filed the lawsuit was discharged after six months. Mr. Vandiver then retained appellant for the agreed fee of $50.00 per hour plus costs. Fourteen months later, Mr. *238 Vandiver discharged appellant and thereafter, for over a month, sought without success to retain other counsel. Mr. Vandi-ver then returned to appellant’s office and requested that he resume his role as counsel. Appellant agreed to do so. However, at that time appellant, as confirmation of the agreement reached, wrote Mr. Vandiver a letter dated November 21, 1978, which, in portions relevant to this issue, stated:
Pursuant to our conference of November 20, 1978, it is agreed that the undersigned will continue with representing you in the above-styled cause.
That commencing as of November 20, 1978, our hourly fee will be $65.00 per hour.
So as to cover the necessary costs that have been incurred and that will be incurred in the future, you will deposit with my office $500.00 as soon as possible. As to the remaining costs, they will be paid on a monthly basis of _ (fill in how much you feel you are going to be able to pay us each month so that we can note the file appropriately).
******
As of the present time, the total amount of your bill is $8,825.00 plus costs in the amount of $1,646.34. You presently have a balance on file with the Clerk’s office which I will ask the Clerk to release to us so that we can use that to cover some of the outstanding costs.
******

So that there won’t be any misunderstanding as to the fee arrangement that you and I have, as you can note the total fee up to date is as indicated with the hourly rate now commencing at the rate of $65.00 per hour.

******
If everything is in accordance with what you and I discussed on November 20, 1978, then I’d appreciate it very much if you would sign a copy which is enclosed for your convenience and return it to me at your earliest convenience. (Emphasis supplied).
On December 7, 1978, Mr. Vandiver signed and delivered to appellant a copy of the above letter thereby indicating his agreement with its content. Approximately ten months later, Mr. Vandiver again discharged appellant and retained new counsel. Appellant filed a claim for a charging lien for reasonable compensation. Subsequently the lawsuit was settled.
At the evidentiary hearing held to determine the amount of appellant’s charging lien, Mr. Vandiver testified that when he initially retained appellant, the latter agreed that the attorneys fees would not exceed $10,000. This testimony, though denied by appellant, formed the basis of the court’s finding that at the onset of appellant’s employment, the parties struck a bargain that the cost of the litigation, excluding costs, would not exceed $10,000. On the basis of that finding, and the court’s rejection of Mr. Vandiver’s unsubstantiated testimony of having made partial payments to appellant in cash (which appellant denied), the court awarded appellant $10,000 as a reasonable fee for services rendered to Mr. Vandiver. The court refused to award appellant any sums for reimbursement of costs expended, finding that the sum of $1,719.80 (which appellant acknowledged having received to apply on costs) equalled the total of legitimate cost incurred by appellant on behalf of Mr. Vandiver.
Appellant contends the trial court erred in not recognizing that the letter which appellant wrote to Mr. Vandiver under date of November 21, 1978, and which Mr. Van-diver signed and returned on December 7, 1978, indicating his approval, constituted either an account stated or a new contract between the parties. However, there could be no harm to appellant for the court refusing to recognize it as an account stated as of November 21, 1978, because, even had it done so, the status of the account at that point in time would not preclude the court’s finding that at the onset of employment the parties had agreed to a $10,000 limitation on the fee.
We are persuaded, however, that the court did err harmfully in failing to give *239 effect to the letter agreement as a new contract between the parties by which Mr. Vandiver, in consideration of appellant agreeing to furnish him further representation in the pending litigation, agreed to pay (1) the sum of $8,325.00 for past legal services, and (2) the sum of $65.00 per hour for future legal services. The terms of this written agreement are not in dispute and Mr. Vandiver admitted that he signed and delivered the agreement to appellant. This was, in the purest sense, a novation, the parties having entered into an entirely new and unambiguous agreement of equal or greater dignity to the agreement first made with respect to the same subject matter. Evans v. Borkowski, 139 So.2d 472 (Fla. 1st DCA 1962). The effect was to make inapplicable the bargain between the parties which the court found to have been made at the onset of the initial employment, i.e., that the appellant’s fee would not exceed $10,000. In lay language, the letter agreement started “a whole new ball game.”
Mr. Vandiver contends that a great deal of the appellant’s time and services charged to this file were either exaggerated or exorbitant, and in either event, were unproductive and unnecessary to proper preparation of the case. While that may be a valid argument to address to services rendered subsequent to November 21, 1978, it should fall on deaf ears as to appellant’s services rendered prior to that date, Mr. Vandiver having expressly agreed to pay $8,325.00 for those services.
Our reversal of the judgment which established the amount of appellant’s charging lien at $10,000 is mandated because we perceive that the trial court held the parties to the bargain which it found they had made at the time of appellant’s original employment, without the court giving proper effect to the novation which occurred by the new letter agreement dated November 21, 1978. Appellant is entitled to have the amount of his charging lien set at $8,325.00, plus an additional amount at the rate of $65.00 per hour for the time after November 21, 1978, which appellant reasonably and necessarily spent on behalf of representation of Mr. Vandiver’s interest, the determination of which remains a matter within the discretion of the trial court. The court is at liberty to make that determination solely on the evidence previously submitted, or in its discretion, it may take additional evidence. No error has been shown in reference to the allowance for reimbursement of costs and out of pocket expenses.
The final judgment provided that appellant’s charging lien would be discharged upon, appellant’s “acceptance” of the $10,-000 fee and $150.00 in costs taxed for the proceeding. Appellee tendered this amount which appellant refused. The judgment was not superseded and the court did not err in authorizing disbursement of the remainder of the settlement proceeds.
REVERSED and REMANDED for further proceedings consistent herewith.
DOWNEY and HERSEY, JJ., concur.