LETTS, Judge.
This appeal involves the assignment of a lease to a lender bank to secure a loan to the tenant for leasehold improvements. Included in the assignment executed by the landlord, the tenant and the bank was the following language:
[THE TENANT] hereby grants, bargains, sells, assigns, transfers and sets over unto CITY NATIONAL BANK OF HALLAN-DALE, its successors and assigns forever, all of the right, title and interest of the assignor in and to that certain lease entered into by [the LANDLORD] dated December 12, 1979, wherein a leasehold interest was conveyed to the [TENANT], in and to the following described room or space as
[[Image here]]
City National Bank of Hallandale does hereby agree to assume all of the terms and conditions of the Lease between [the Landlord], as trustee and the [Tenant] dated December 12, 1979.
Subsequently the tenant defaulted on the rent and the landlord demanded payment from the bank. Not surprisingly, the bank refused and claimed in the court below that its officer executed the absolute assignment (drawn up by the landlord) by mistake and that only a collateral assignment was intended. As a result, the trial court can-celled and rescinded the assignment as “inequitable and even unconscionable” based on the oral testimony of the bank officer that he had never intended that the bank assume the lease. Needless to say the landlord disagrees, claiming, also by oral testimony, that he had specifically ref used, an earlier request to surrender his landlord’s lien and that the language of the absolute assignment, and its legal consequences, were exactly as he intended.
We assume that the oral testimony of the bank officer is to be believed if only because banks invariably intend to seek subordination from prior lien holders and obligate borrowers, never themselves. Nonetheless, the language of this assignment is plain and unambiguous and it cannot be varied by parole testimony. Pearson v. *439 Pearson, 342 So.2d 1018 (Fla. 4th DCA 1977).
We therefore reverse with instruction to enter final judgment in favor of the landlord.
HERSEY and WALDEN, JJ., concur.