502 So.2d 71 (1987)
Thomas BOWLEG, Appellant,
v.
Barbara BOWE, Appellee.
No. 86-383.
District Court of Appeal of Florida, Third District.
February 10, 1987.
Paul J. Kneski, Hialeah, for appellant.
Spieler, Weiner & Spieler and Gregg Spieler, Miami, for appellee.
Before BARKDULL, HUBBART and FERGUSON, JJ.
PER CURIAM.
The plaintiff, Bowleg, a building contractor, appeals from a final judgment in favor of the defendant, Bowe. By terms of an ambiguous contract between the parties, Bowleg agreed to make certain additions and improvements to Bowe's home. In exchange Bowe agreed to pay a sum of money. The amount is sharply disputed.
After numerous delays by Bowleg in the contracted-for work and by Bowe in payments made (each party blamed the other for all of the delays), Bowleg left the job with approximately $3,000 of unfinished work. At some point thereafter, the total payments made by Bowe towards her contract obligation came to $15,100. The total *72 contract price was between $25,000 and $30,250.
The parties then executed a paper for $15,000. Bowleg claims that the paper was intended to be a promissory note, and Bowe claims that it was intended to be a receipt for the amount of money she had paid Bowleg to-date. In any event, the amount involved did not equal either the amount paid or the amount allegedly owed. Based on that ambiguous paper and the initial contract, Bowleg placed a mechanics lien for $11,219.78 on Bowe's home. He later executed a Release of Lien and declared this lien fully satisfied in consideration for Bowe's promise to pay $5,000. This last instrument, the purpose of which is not disputed by Bowleg, will be called the Final Contract. Bowe had paid at least $1,000 towards her obligation under the Final Contract when this action commenced.
Bowleg brought this action in three counts. The first count is based on the initial contract between the parties; the second count is based on a theory of unjust enrichment; the third count is based on the paper signed by the parties which is either a receipt or a promissory note evidencing a preexisting debt. None of the counts allege a cause of action based on the Final Contract.
The trial court correctly decided that Bowleg was not entitled to relief under the first and third counts of the complaint because the Final Contract constituted a novation, i.e., a substitution of a new contract between the parties by mutual agreement whereby all pre-existing agreements were extinguished. See International Granite & Marble Corp. v. City Nat'l Bank of Miami, 360 So.2d 155 (Fla. 3d DCA 1978). The consideration for Bowleg's release of any obligations Bowe had under the previous contracts was Bowe's agreement to pay $5,000.
Bowleg's second count fails because the theory of unjust enrichment is equitable in nature and is, therefore, not available where there is an adequate legal remedy  here, an action on the presumably valid Final Contract. Liza Danielle, Inc. v. Jamko, Inc., 408 So.2d 735 (Fla. 3d DCA 1982).
Affirmed.