ERVIN, Judge,
specially concurring.
Contrary to appellees’ assertion on rehearing, I find no conflict between this court’s opinion and Wakefield Nursery v. Hunter, 443 So.2d 465 (Fla. 4th DCA 1984). It was this court’s decision that Wakefield is factually distinguishable, because it is unclear in that case whether the motion for summary judgment was timely filed.
As to the parol evidence issue, I certainly have no problem with the rule of law “[t]hat parol evidence is admissible to connect several written instruments and show that they were all parts of one transaction.” Burgan v. Pines Co. of Ga., Ltd., 382 So.2d 1295, 1296 (Fla. 1st DCA 1980). See also Northwestern Bank v. Cortner, 275 So.2d 317 (Fla. 2d DCA 1973). Clearly the letter of credit and the operating deficit guaranty were part of the same transaction. This court properly construed those documents together, and in so doing, found that neither instrument renders the other ambiguous, and that both are consistent with the overall loan transaction. Under those circumstances, it was error for the trial court to consider additional parol evidence when it construed those instruments.