364 So.2d 491 (1978)
W.W. BURLESON, a/k/a Wilder Burleson, Sr. and Wife, Emily Margaret Burleson, Appellants,
v.
Jerry M. BROGDON, Appellee.
No. HH-469.
District Court of Appeal of Florida, First District.
October 17, 1978.
As Corrected On Denial of Rehearing November 30, 1978.
*492 James W. Middleton and Michael William Mead of Middleton & Mead, Fort Walton Beach, for appellants.
Fred B. Estergran of Estergran, Fortune, Anchors & Powell, Fort Walton Beach, for appellee.
ERVIN, Judge.
Burleson appeals from a judgment quieting title and reforming a deed conveying certain property to him in favor of appellee Brogdon.
In 1960, Ruby Smith attempted to deed parcel "B" to her brother, appellant W.W. Burleson, and parcel "C" to another brother, Charles Burleson, but the descriptions in the deeds were erroneously written so that parcel "A" was conveyed to appellant and parcel "B" to his brother. For point of clarity the following is a rough draft sketch of the parcels involved:

In 1963, appellant Burleson and his brother executed quit claim deeds to the "A" and "B" parcels to Mrs. Smith. She again attempted to convey parcels "B" and "C" to her brothers. Unfortunately the deeds were again erroneously drawn. This time appellant's deed was to parcel "C" (He should have received parcel "B".), and his brother's deed was to parcel "D". (He should have received parcel "C".) The following is a sketch of the conveyances as reflected by the 1963 corrective deeds:

That property which is represented by the dotted line and is partially enclosed by parcel "D" represents the land which appellee Brogdon purchased by tax deed from the IRS in 1966. This property had previously been conveyed by Ruby Smith in 1953 to Mr. and Mrs. Guiseppe Mazzola. There is no dispute by the parties that the 1963 deed was incorrect and that parcel "B" should have been received by appellant and parcel "C" by his brother Charles; although appellant was under the impression at the time he received the deed that it described parcel "B".
Subsequent to the 1963 transfers, Charles Burleson deeded parcel "D" to his son, Luther Burleson, who conveyed the property to Andrew and Martin Bilek, and the Bileks in turn conveyed the same property to *493 James E. Moore. After Moore obtained the property, he constructed a sea wall on it, and appellee Brogdon brought suit against him to quiet title to that portion of parcel "D" which Brogdon claimed by reason of a deed received by him from the IRS. Brogdon also sued the Bileks. Moore counterclaimed, requesting that the court quiet title in him according to the description he received in the chain of title from Charles E. Burleson. On May 24, 1973, a final judgment was entered pursuant to stipulation of counsel in which Moore was adjudged the owner of the west 53.75 feet of parcel "D", and Brogdon the owner of the east 25.75 feet. Paragraph three of the judgment stated: "That this judgment only determines the land dispute between these parties and does not in any way affect the rights of these parties against their predecessors in title."
Following the entry of the above judgment, Ruby Smith, on August 18, 1973, conveyed parcels "B" and "C" to appellant and his wife. Finally, in February, 1975 Moore deeded to Brogdon that portion of the property which Moore had been adjudged the owner in the prior consent judgment. Subsequently Brogdon went upon the property described as parcel "C"; Burleson sued Brogdon for trespass and sought an injunction from the court to enjoin Brogdon from continuing his trespass, as well as damages. Brogdon in turn counterclaimed, seeking reformation of the 1973 deed as it pertained to parcel "C".
Brogdon's rights of reformation are derived from whatever rights his remote grantor, Charles Burleson, had against his immediate grantor, Ruby Smith. Reformation will be allowed against the original grantor in the series if the mistake occurred under circumstances which would entitle any of the grantees to reformation, in which case the equity works back through all the grantees and operates against the original grantor. 66 Am.Jur.2d, Reformation of Instruments, § 63 (1973). Whether Charles Burleson could have prevailed depends upon the nature of his deed, executed in 1963, from Ruby Smith. It is necessary to examine the circumstances surrounding the conveyances to the two Burleson brothers. Brogdon testified that Ruby Smith told him the reason for the conveyances to the brothers was to settle their share of the estate of J.F. Burleson, the deceased father of Ruby Smith, W.W. Burleson and Charles E. Burleson, who were three of eight heirs of J.F. Burleson. The two deeds dated in 1960 from Ruby Smith to her brothers recited consideration in the sum of $10.00 and the deeds had on them state documentary stamps in the amount of $.20.[1] Quit claim deeds were subsequently executed by the Burleson brothers in 1963 conveying the property back to Ruby Smith for the purpose of correcting the descriptions in the deeds. Both corrective deeds were executed on October 2, 1963, by Ruby Smith to the two brothers. Both deeds again recited $10.00 consideration. The deed to Charles Burleson was first recorded, and the deed to appellant was recorded shortly afterward.
It was necessary for Brogdon, through his remote grantor, Charles Burleson, to show that the deeds conveyed to the latter in 1960 and 1963 from Ruby Smith were for consideration. The general rule is that a court of equity will not undertake to reform an instrument which is merely voluntary and based upon no consideration. 66 Am.Jur.2d, Reformation of Instruments, § 42 (1973). Accord, Triesback v. Tyler, 62 Fla. 580, 56 So. 947 (1911); Harrod v. Simmons, 143 So.2d 717 (Fla. 2d DCA 1962).
Brogdon argues, however, that the recitation of consideration in a deed raises the presumption of consideration and that parol evidence may not be presented to vary the clear and unambiguous terms stated in the instrument conveyed to Charles Burleson in 1963. Florida Moss Products v. City of Leesburg, 93 Fla. 656, 112 So. 572 (1927); Saltzman v. Ahern, 306 So.2d 537 (Fla. 3rd DCA 1975). If the deed to Charles *494 Burleson was shown to have been for consideration, then it is clear from the record that both deeds to the two Burleson brothers were for consideration. Both deeds recited the sum of $10.00 consideration. The rule is that any consideration which will support a deed is sufficient for the purpose of reformation. For example, it has been held that a deed stating a consideration of $1.00 and other valuable consideration is sufficient as a recital of valuable consideration. 66 Am.Jur.2d, Reformation of Instruments, § 46. If parol evidence may not be allowed to defeat Charles Burleson's right to claim the conveyance was made to him for the consideration stated on the face of the deed, neither may it be allowed against Wilbur Burleson. Clearly then Wilbur Burleson must be said to have given consideration for his interest in parcel "C".
Since there was adequate consideration recited in both deeds, is Brogdon, through his remote grantor, Charles Burleson, entitled to reformation? Reformation is generally allowed against all persons except a bona fide purchaser for value and without notice. See Annot., 79 A.L.R.2d 1180 at § 8(b) (1961). Thus, as between the original parties, reformation of a deed will be allowed to make it conform to the intention of the parties; however, such relief will not be granted if it appears that the rights of bona fide and innocent purchasers will be prejudiced. Holley v. May, 75 So.2d 696 (Fla. 1954). Wilbur Burleson must be considered a bona fide purchaser for value. The only remaining question is whether he took the property without notice of its incorrect description.
It is clear from the record that when Wilbur Burleson was erroneously conveyed his interest to parcel "C" in 1963, he was not aware until after the conveyance, from information received at the tax collector's office, that the property conveyed did not comply with the intent of the grantor. Thus he took without prior notice of the defect. The fact that the deed identified an entirely different piece of property than was intended does not prevent the grantee from claiming the benefit of the rule in favor of innocent purchasers in the absence of other factors affecting the situation. See Annot., 79 A.L.R.2d, § 8(b) at 1203-1204.
In conclusion, it appears that there is no theory under which Brogdon may obtain reformation as against Wilbur Burleson since his interest in the property is identical to that of Charles Burleson. The conveyances to the Burleson brothers must be considered either voluntary, or for a valuable consideration. If voluntary, Charles Burleson may not obtain reformation. If the conveyances were for consideration, then Wilbur Burleson must be considered a bona fide purchaser for value without notice of the incorrect description conveyed to him by Ruby Smith. As a result Brogdon, as Charles Burleson's remote grantee, may not prevail over the intervening rights of a bona fide purchaser for value and without notice.
The final judgment reforming the instrument between Ruby Smith and Leonard Smith to W.W. Burleson and Charles Burleson is reversed with directions that judgment be entered in favor of W.W. Burleson and his wife, Emily Margaret Burleson, to that property conveyed to them by the 1963 and 1973 deeds from Ruby Smith and Leonard Smith.
MILLS, Acting C.J., and MELVIN, J., concur.
NOTES
[1] Section 201.02, Fla. Stat. (1959), provided that documentary stamps in the amount of $.20 per $100.00 be affixed to deeds.