THOMPSON, Judge.
Ophelia Franklin, the plaintiff below, appeals a final judgment finding that the appellees had adversely possessed a strip of land lying between her parcel of real property and the property owned by the appellees, and finding in the alternative that a road had been established as the boundary by acquiescence between the two parcels. Mrs. Franklin urges that the lower court erred in both regards. We agree, and reverse.
Mrs. Franklin and her husband were the owners, since 1946, of a 40 acre parcel in Escambia County described as the northeast one quarter of the northwest one quarter of Section 2, Township 5 North, Range 33 West in Escambia County. Inside the western boundary of the Franklin property is Rockaway Road, a paved public road which runs north and south. The Franklins’ neighbors and adjoining landowners to the west are the Minchews, who . purchased their property from their predecessors in interest, the Gibbses, in 1983. The disputed property is a narrow strip of land west of Rockaway Road, which adjoins the Minchew property. It is uncon-troverted that a 1983 survey, as well as the 1946 and 1969 Franklin deeds, show the strip on the western side of the road to be part of the northeast one quarter of the northwest one quarter owned by the Franklins.
In 1983 the Franklins filed suit against the Minchews and the Gibbses *691 seeking possession of the strip of land. The Minchews filed a counterclaim, claiming the strip by adverse possession and claiming that Rockaway Road had been established as the boundary between the two landowners by acquiescence. In the interim Mr. Franklin died and Mrs. Franklin continued the suit as sole plaintiff. Although the appellees’ claim of adverse possession was with color of title pursuant to § 95.16, Fla.Stat., appellees presented only one deed purporting to convey the disputed parcel to them. The 1983 deed from the Gibbses to the Minchews describes the property’s eastern boundary as extending to the west right-of-way of Rockaway Road. Mr. Gibbs testified that when he had purchased the property in 1961 he believed he was purchasing all the way to the road. He did not recall the actual terms of the deed, nor was the deed itself produced to show that its legal description included the disputed strip. Therefore no evidence was presented of any conveyance prior to 1983 purporting to include the disputed strip. A written instrument with a legally sufficient description of the property is a vital prerequisite to any claim of adverse possession with color of title. Mitchell v. Moore, 152 Fla. 843, 13 So.2d 314 (1943); Bonifay v. Garner, 445 So.2d 597 (Fla. 1st DCA 1984); Moore v. Musa, 198 So.2d 843 (Fla. 3d DCA 1967). In the instant case only the Minchews have color of title by virtue of their 1983 deed. Since the case proceeded to trial in 1986, the Minchews cannot prevail on their claim of adverse possession under § 95.16, Fla.Stat. because the statute’s requirement of seven years of continuous possession could not commence until the Minchews acquired color of title in 1983, and only three years have since elapsed. None of the elements of § 95.16, Fla.Stat. have been satisfied, and the claim of adverse possession must fail.
The lower court concluded alternatively that Rockaway Road has been established as the boundary between the Franklin and Minchew properties by acquiescence. This finding is unsupported by the evidence. Establishment of a boundary by acquiescence between adjoining landowners arises from two elements: (1) a
dispute between the landowners as to the location of the boundary evidencing that the true boundary is in doubt, and (2) continued occupation and acquiescence in a line other than the true boundary for a period longer that the statute of limitations. McDonald v. O’Steen, 429 So.2d 407 (Fla. 1st DCA 1983); Pippin v. Parker, 427 So.2d 1066 (Fla. 1st DCA 1983); King v. Carden, 237 So.2d 26 (Fla. 1st DCA 1970). In the instant case, although there was some evidence of a dispute between the Gibbses and the Franklins as to the ownership of the strip, the evidence fell far short of showing that the true boundary was in dispute. The Franklin deeds, as well as the 1983 survey, conclusively showed the Franklins’ western boundary to be beyond the road. Nor was there any acquiescence shown on the part of the Franklins, who consistently maintained that the disputed parcel was part of their property and that the road was not the boundary. Neither of the elements necessary for establishment of a boundary by acquiescence were proven, nor was adverse possession with color of title proven.
The judgment of the trial court is reversed and this case is remanded with instructions to enter judgment in favor of Mrs. Franklin on her complaint.
REVERSED and REMANDED.
ZEHMER and BARFIELD, JJ., concur.