538 So.2d 1322 (1989)
Samuel W. FLOYD, and Ernestine J. Floyd, Appellants,
v.
VIDEO BARN, INC. d/b/a Video Witness/Video Barn, Appellee.
No. 87-1104.
District Court of Appeal of Florida, First District.
February 15, 1989.
*1323 Bill Salmon, Gainesville, for appellants.
N. Albert Bacharach, Jr., Gainesville, for appellee.
SHIVERS, Judge.
Appellants Samuel and Ernestine Floyd appeal an order of the trial court directing verdicts for appellee (the Video Barn) on appellants' claims against the Video Barn for negligence and punitive damages. Appellants also appeal the trial court's order striking appellants' claim for damages for mental and emotional distress from Count I (breach of contract) of the complaint.
The facts of this case are as follows. Appellants entered into a contract with the Video Barn for the videotaping of their daughter's wedding. The contract was entered into almost two full months prior to the wedding. On the day of the wedding, appellants called the Video Barn to confirm the time and location of the wedding. An employee of the Video Barn assured appellants that they knew where the wedding would take place and that they would be there to videotape the wedding. The wedding occurred as scheduled at 7:30 p.m. on May 5, 1984. However, instead of videotaping appellants' daughter's wedding, the Video Barn mistakenly videotaped a wedding that was taking place at an adjacent church.
As a result of the Video Barn's failure to tape the wedding as planned, appellants sued the Video Barn for breach of contract and negligence. Count I of the complaint alleged breach of contract and included a claim for "mental and emotional pain" suffered by appellants because they did not have a videotape of their daughter's wedding. Count II of the complaint alleged a claim for punitive damages and stated that the actions of the Video Barn evidenced "an entire want of care or attention to duty," gross negligence and malice. Count III of the complaint alleged a claim based on negligence and stated that the Video Barn's failure to perform its duty was "malicious, insulting, abusive, grossly negligent, demonstrate[d] the want of even slight care, and [was] done with reckless disregard for the rights of [appellants]."
The case proceeded to a jury trial on June 22, 1987. At the trial, appellants' son testified that the parking lot of the church was full and that he had remained outside the church to greet guests from 7:00 p.m. to 7:30 p.m. He further testified that the doors to the church were open during this time but that no one from the Video Barn attempted to enter the church.
Appellant Ernestine Floyd testified that her relationship with her daughter was very special and that they were very close. She further testified that she was looking forward to being able to view her daughter's wedding ceremony in the years to *1324 come and that she was terribly upset and disappointed when she realized that she would not have the opportunity to do so. She testified that she did not realize the wedding had not been videotaped until she called the Video Barn to arrange to pick up the tape. Appellant Ernestine Floyd testified that the manager of the Video Barn initially informed her that someone had called and canceled the wedding. However, she testified that when she informed the Video Barn that the wedding had not been canceled, the manager replied by saying that someone had gone to the church but that no one was there. She testified that he later explained that his company did tape a wedding but that they videotaped the wrong wedding.
At the close of the plaintiffs' case, the Video Barn moved for a directed verdict on the claims for negligence and punitive damages. The Video Barn further requested the court to strike the claim for damages for mental and emotional distress from Count I (breach of contract) of the complaint. After listening to the arguments of counsel, the court directed a verdict for the Video Barn as to the claims for negligence and punitive damages and struck appellants' claim for mental and emotional distress from Count I. The jury eventually returned a verdict for appellants on the breach of contract claim and awarded appellants the sum of $1,083.75 plus costs.
We reverse the trial court's order directing a verdict in favor of the Video Barn on appellants' claim for negligence. Florida law is clear that when a breach of contract is attended by some additional conduct which amounts to an independent tort, such a breach can constitute negligence. Griffith v. Shamrock Village, Inc., 94 So.2d 854 (Fla. 1957); Electronic Security Systems Corp. v. Southern Bell Telephone and Telegraph Co., 482 So.2d 518 (Fla. 3rd DCA 1986). See also Jones v. Continental Ins. Co., 670 F. Supp. 937, 946 (S.D.Fla. 1987).
In the instant case, reviewing the evidence in a light most favorable to appellants, it cannot be said that the conduct of the Video Barn employees did not present a question of negligence for the jury. Indeed, the jury could have inferred that the Video Barn assumed a duty to appellants to videotape their daughter's wedding and that they breached this duty. An employee of the Video Barn assured appellants that the Video Barn knew where the wedding would take place and that an employee of the Video Barn would be there. However, on the date of the wedding, despite evidence that the church parking lot was filled to capacity and despite evidence that appellants' son was outside the church from 7:00 p.m. until 7:30 p.m., the Video Barn employee failed to locate the church and videotape the wedding. We find that the question of negligence should have gone to the jury.
We next review the trial court's order directing a verdict in favor of the Video Barn on the issue of punitive damages. "Under Florida law punitive damages are available only upon a showing that the act complained of is characterized by willfulness, wantonness, maliciousness, gross negligence or recklessness, oppression, outrageous conduct, deliberate violence, moral turpitude, insult or fraud." Cook v. Deltona Corp., 753 F.2d 1552, 1563 (11th Cir.1985). The Florida Supreme Court held in Griffith v. Shamrock Village, Inc., 94 So.2d 854 (Fla. 1957), that the malice necessary to justify an award of punitive damages may be imputed by a defendant's entire want of care or attention to duty. That court more recently stated in White Construction Co. v. Dupont, 455 So.2d 1026, 1029 (Fla. 1984), that "something more than gross negligence is needed to justify the imposition of punitive damages." Additionally, this court has held that "[p]unitive damages may not be assessed on the basis of mere negligence," and "[e]ven gross negligence, by itself, will not support [an] award of punitive damages." Auto-Owners Ins. Co. v. Hooks, 463 So.2d 468, 473 (Fla. 1st DCA 1985).
In Hooks, the defendant contended on appeal that the trial court erred in failing *1325 to grant the defendant's motion for directed verdict on the issue of punitive damages. In its opinion reversing the trial court, this court reiterated the standard of review of a trial court's grant or denial of a motion for directed verdict. This court stated that an appellate court must evaluate the evidence in the light most favorable to the non-moving party, drawing every reasonable inference flowing from the evidence in the non-moving party's favor. However, the court stated that a "motion for a directed verdict should ... [be] granted if there [is] no evidence upon which the jury could legally base a verdict for such damages in favor of [the non-moving party]." Id. at 473. In Hooks, this court found that the defendant's motion for directed verdict on the issue of punitive damages should have been granted because the plaintiff failed to show that the defendant acted with "malice, moral turpitude, wantonness, willfulness, or reckless indifference to the rights of others." Ibid.
The instant case arises out of the Video Barn's failure to videotape appellants' daughter's wedding. A review of the testimony in the record fails to reveal any action on the part of the Video Barn which would constitute evidence that the Video Barn acted with malice, moral turpitude, wantonness, willfulness, reckless indifference to the rights of others, or an entire want of even slight care, and thus fails to meet the minimum requirements of any of the cases cited above. At most, the evidence shows simple or gross negligence on the part of the Video Barn. Accordingly, we affirm the trial court's order directing a verdict in favor of the Video Barn on the issue of punitive damages.
Finally, with regard to the trial court's order granting the Video Barn's ore tenus motion to strike appellants' claim for damages for mental and emotional suffering under Count I (breach of contract) of the complaint, Florida case law holds that "where the gravamen of the proceeding is breach of contract, even if such breach be willful and flagrant, there can be no recovery for mental pain and anguish resulting from such breach." Industrial Fire & Casualty Ins. Co. v. Romer, 432 So.2d 66, 67 (Fla. 4th DCA), rev. denied, 441 So.2d 633 (Fla. 1983) (citing Henry Morrison Flagler Museum v. Lee, 268 So.2d 434, 436 (Fla. 4th DCA 1972)). Accordingly, the trial court did not err in striking appellants' claim for mental and emotional pain in Count I of the complaint.
In conclusion, because we find that the trial court erred in directing a verdict for the Video Barn on the issue of the Video Barn's negligence, we remand this case to the trial court for a new trial. However, we affirm the trial court's order directing a verdict in favor of the Video Barn on the issue of punitive damages, as well as affirm the trial court's order striking appellants' claim for mental and emotional pain in Count I of the complaint.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
THOMPSON and ZEHMER, JJ., concur.