680 So.2d 450 (1996)
Chana JONES, Appellant,
v.
Sam RIVES and Barry Cook, Appellees.
No. 95-1346.
District Court of Appeal of Florida, First District.
January 19, 1996.
*451 John E. Norris and Guy W. Norris of Norris, Koberlein & Anderson, P.A., Lake City, for Appellant.
Andrew J. Decker, III, of Law Office of Andrew J. Decker, III, P.A., Live Oak., for Appellees.
PER CURIAM.
The final judgment in this boundary dispute case established a boundary between adjacent property owners with a jury finding of boundary by agreement. Because there is a complete absence of competent substantial evidence to support this verdict, we reverse.
In February, 1988, Rives and Cook (appellees) purchased land adjacent to appellant's land, and in the fall of that year appellees had timber cut from a swath of land extending southward from an old fence in the area. A survey made at appellant's request in May, 1989, revealed that appellant's property boundary ran some 100 feet south of the old fence, and that appellees had cut trees from this area. A subsequent survey made for appellees confirmed appellant's survey. Consequently, appellant filed suit in county court against appellees for cutting timber on her property and in her amended complaint alleged damages and trespass. Appellees answered and counterclaimed asserting several claims of title to the relevant portion of appellant's land. A partial summary judgment was granted in favor of appellant on all issues concerning title, ownership, and right of possession of the lands in dispute prior to June 18, 1985. The case proceeded to jury trial on the sole issue of appellees' counterclaim of boundary by agreement. Under this theory, appellees claim that the old fence line marks the true boundary between the properties under an agreement between the parties. Judgment was entered establishing this boundary line in accordance with the jury verdict. The trial court denied appellant's motion for judgment in accordance with her motion for directed verdict and alternative motion for new trial.
In review of the denial of a motion for judgment in accordance with the motion for directed verdict, an appellate court must view the evidence in the light most favorable to the non-moving party, Floyd v. Video Barn, Inc., 538 So.2d 1322, 1325 (Fla. 1st DCA 1989), and "must take into account all the facts adduced both before and after the initial motion." McCain v. Florida Power Corp., 593 So.2d 500, 502 (Fla.1992). The judgment must be sustained if it is supported by competent substantial evidence. Helman v. Seaboard Coast Line R.R., 349 So.2d 1187 (Fla.1977).
The essential elements of boundary by agreement are (1) an uncertainty or dispute as to the true boundary; (2) an agreement, either oral or implied, between the adjacent landowners that a certain line will be treated by them as the true line; and (3) subsequent occupation by the parties in accordance with that agreement for a period of time sufficient to show a settled recognition of the line as a permanent boundary. Watrous v. Morrison, 33 Fla. 261, 14 So. 805 (1894); Florida Real Property Litigation *452 § 2.17 (The Florida Bar CLE 1993). This occupation does not have to exceed the statute of limitations, but must be long enough to indicate a "settled recognition" of the boundary. Id. Appellees were required to adduce evidence to support each of these three elements to demonstrate that a boundary by agreement was made between appellant and appellees after appellees' property purchase in 1988.
As to the first element of a boundary by agreement, the parties' uncertainty as to the true boundary, appellant testified that although she did not know the exact location of the line, she knew her property extended south of the old fence because her father who gave her the land and who was a surveyor told her. Appellees testified that they were told that the fence was the line by the seller. Even so, one of the appellees claimed he was uncertain about the true line when he purchased the property. No testimony, however, suggested that there was uncertainty or a dispute between the parties as to the true boundary until appellant had her property surveyed in 1989.
Next, appellees claim that an agreement may be inferred basically from three conversations. First, appellee Cook's wife testified that she once had a conversation about azaleas with appellant during which appellant said her father had said the fence was the boundary and that she owned property to the north of the fence line. Second, appellee Cook testified that on the occasion when he told appellant's husband about appellees' plans to cut timber on appellees' property from the old fence line southward, appellant was present and did not say anything. Appellee admitted that the property boundary was not discussed. Finally, appellee Rives testified that he once had a conversation with appellant's husband (who was deceased at the time of trial) about a previous adverse possession lawsuit brought and lost by appellees' predecessor in title and that after the conversation he understood the fence to be the boundary line. In the instant case, the spouses of the parties were not record landowners and could not be parties to any agreement. In addition, it is well established that "a non-consenting owner will not be bound by the agreement of the others, nor will any stranger to that agreement who may claim under him." Watrous, 14 So. at 811. It is evident that only one of the above conversations even tangentially involved the parties to the alleged boundary agreement, and appellees admit that neither of them ever discussed the boundary with appellant. The evidence is legally insufficient to support a finding of an implied boundary by agreement between appellant and appellees.
The third element of a boundary by agreement requires that following the agreement the parties must evidence a settled recognition of the agreed boundary. There is no set amount of time to show "settled recognition." Campbell v. Noel, 490 So.2d 1014, 1016 (Fla. 1st DCA 1986). In the instant case, however, appellees purchased the land in 1988 and in the fall of that year cut timber up to the fence line. By June of 1989, appellant had had both a survey and a cruise of the timber volume made. In January of 1990, appellant filed suit against appellees. These facts do not support the jury's finding of a settled recognition of the boundary by these parties.
In the instance of a boundary by agreement, the property line becomes binding, "not upon the principle that the title to real estate can be passed by parol, but for the reason that the proprietors have by such consent and conduct agreed permanently upon the limits or extent of their respective lands or property." Watrous, 14 So. at 807. Clearly, there is no competent substantial evidence in the instant case to support the jury's finding that each of the elements of boundary by agreement exists. We reverse.
MINER, WOLF and VAN NORTWICK, JJ., concur.