821 So.2d 1214 (2002)
Robert A. SANDERS and Peggy W. Sanders, Appellants,
v.
Elizabeth H. THOMAS, Appellee.
No. 1D01-2725.
District Court of Appeal of Florida, First District.
July 26, 2002.
*1215 Steven G. Mason, Law Offices of Steven G. Mason, Orlando, for Appellants.
John F. Roscow, III, Scruggs & Carmichael, P.A., Gainesville, for Appellee.
PER CURIAM.
The parties in this case dispute ownership over a strip of land, varying in width, to the east of a dirt road. The road is fenced on each side of its right-of-way. Appellee argues that the fence on the road's eastern right-of-way is the boundary of the parcel of land that is on the east side of the road. Appellants argue that the boundary is several feet to the east of that fence, in accordance with the legal description in their deed.
After a bench trial, the trial court entered a final judgment awarding title of the disputed land to Appellee on the basis that (i) various recorded deeds and a mortgage should be reformed to exclude the disputed land, (ii) Appellee is the owner through adverse possession under color of title, (iii) Appellee is the owner through boundary by agreement, and (iv) Appellee is the owner through boundary by acquiescence. We agree with Appellants that the trial court erred, and therefore reverse.

I. Reformation
It is undisputed that all of the recorded instruments and surveys show that the boundary of the disputed land is several feet east of the fence on the road's eastern right-of-way. Accordingly, Appellee *1216 sought to have those various instruments in the chain of title reformed to exclude the disputed land. We reverse the trial court's ruling in favor of Appellee for reformation because Appellants are bona fide purchasers of the land for value without notice of the alleged mistake. See Burleson v. Brogdon, 364 So.2d 491, 494 (Fla. 1st DCA 1978)(reversing judgment of reformation because of bona fide purchaser for value without notice of incorrect description).

II. Adverse Possession Under Color of Title
Appellee brought a count for adverse possession under color of title and a count for adverse possession without color of title. The trial court did not rule for Appellee on the basis of adverse possession without color of title, and there is no argument by Appellee that the failure to do so was error.[1] However, the trial court ruled that Appellee proved by clear and convincing evidence that she is the owner of the disputed land through adverse possession under color of title, pursuant to section 95.16, Florida Statutes.
The trial court erred because it is undisputed that the cows owned by Appellants' predecessor in title and Appellee's former son-in-law, Mr. Larry R. Johnson, intermingled with the cows owned by Appellee with Appellee's permission. Therefore, the record does not show by clear and convincing evidence that Appellee had adverse possession of the disputed land.
Moreover, Appellee does not have a written instrument containing a legally sufficient description of the property to establish a claim for adverse possession under color of title. See Seton v. Swann, 650 So.2d 35 (Fla.1995)(holding that defendants did not establish adverse possession by color of title because, under section 95.16, the title to property possessed but not described in a recorded instrument cannot be used to show color of title).

III. Boundary By Agreement
"The essential elements of boundary by agreement are (1) an uncertainty or dispute as to the true boundary; (2) an agreement, either oral or implied, between the adjacent landowners that a certain line will be treated by them as the true line; and (3) subsequent occupation by the parties in accordance with that agreement for a period of time sufficient to show a settled recognition of the line as a permanent boundary." Jones v. Rives, 680 So.2d 450, 451 (Fla. 1st DCA 1996). As in Jones, there is no competent substantial evidence in the instant case to support the trial court's finding that each of the elements of boundary by agreement exists. Id. at 452.

IV. Boundary By Acquiescence
"Establishment of a boundary by acquiescence between adjoining landowners arises from two elements: (1) a dispute between the landowners as to the location of the boundary evidencing that the true boundary is in doubt, and (2) continued occupation and acquiescence in a line other than the true boundary for a period longer tha[n] the statute of limitations." Franklin v. Gibbs, 507 So.2d 690, 691 (Fla. 1st DCA 1987).
Mrs. Franklin and her husband were owners of a 40 acre parcel in Escambia County. Inside the western boundary of the Franklin's property was a road. The *1217 disputed property was a narrow strip of land west of the road. It was undisputed that the survey and deeds showed the strip on the western side of the road to be a part of the property owned by the Franklins. The Franklins' neighboring landowners, the Minchews, claimed the disputed strip of land and asserted that the road had been established as the boundary between the two landowners by acquiescence. Id. at 690-91.
The court reversed the trial court's ruling in favor of the Minchews, holding that the evidence fell short of showing that the true boundary was in dispute. The Franklin deeds and survey conclusively showed the Franklins' western boundary to be beyond the road. The Franklins did not show any acquiescence because they consistently maintained that the disputed parcel was part of their property and that the road was not the boundary. Id.
In the instant case, as in Franklin, the evidence falls short of showing that the true boundary was in dispute. The recorded instruments and surveys conclusively show Appellants' eastern boundary to be beyond the road. Appellants and their predecessors in title subsequent to Appellee's ownership did not show any acquiescence. Because neither of the elements necessary for establishment of a boundary by acquiescence were proven, we reverse.
Citing McDonald v. Givens, 509 So.2d 992 (Fla. 1st DCA 1987), Appellee argues that we should affirm because the existing fence along the parties' common boundary provides the requisite doubt or uncertainty necessary to establish a boundary by acquiescence. We disagree. Here, Appellee's property was surveyed in 1969 and on subsequent occasions, and each survey showed the fence to be west of the actual boundary of Appellee's lands. Thus, before Appellee conveyed Appellants' lands to their predecessors in title, she knew or should have known that the actual boundary was not in doubt. Appellee should have adjusted the metes and bounds description in her conveyance to Appellants' predecessors in title to show the fence as the actual boundary if she wished the fence location as her actual west boundary line. Any other application of McDonald conflicts with public policy as prescribed by section 695.01, Florida Statutes. Accordingly, McDonald, and similar cases cited by Appellee, are not applicable.

Conclusion
Therefore, we reverse the final judgment by the trial court and remand with instructions to enter final judgment in favor of Appellants.
BOOTH, BROWNING and POLSTON, JJ., concur.
NOTES
[1] There is no evidence in the record that Appellee returned the land for taxes to support a claim for adverse possession without color of title. See Lawson v. Murray, 365 So.2d 744, 746 (Fla. 1st DCA 1978)(ruling that appellees did not state a claim for adverse possession without color of title under section 95.18 because they did not return any lands in dispute for taxes).